JOHNSON et al. v. MEYERS et al.

(Circuit Court of Appeals, Eighth Circuit.  March 1, 1893.)

No. 239.

APPEAL—TIME OF TAKING—CIRCUIT COURT OF APPEALS.
When the last day of the six months within which an appeal may be taken, or writ of error sued out, to review in the circuit court of appeals a decree or judgment rendered below, falls on Sunday, the appeal cannot be taken, or writ sued out, on any subsequent day.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.  Dismissed.

A motion was made to dismiss this appeal on the ground, among others, that the appeal was not taken within six months after the entry of the decree sought to be reviewed.  The decree in the court below was rendered May 27, 1892.  November 27, 1892, was Sunday.  The appeal from the decree was allowed, and the bond on appeal approved, November 28, 1892.

James P. Wood and F. L. Schofield, for the motion.
Wm. P. Harrison and George A. Mahan, opposed.

Before CALDWELL and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.  When the last day of the six months within which an appeal may be taken, or a writ of error sued out, to review in this court a decree or judgment below, falls on Sunday, may the appeal be taken, or the writ sued out, on the succeeding day?  This is the question presented by this motion.  The act of March 3, 1891, creating the circuit courts of appeals, (section 11, c. 517, 26 St. p. 826,) provides "that no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit court of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed."  As the decree sought to be reviewed here was entered May 27, 1892, the last day within the six months after its entry was November 27, 1892.  November 28, 1892, the day on which the appeal was taken, was obviously not within the six months after the entry of the judgment.  Missouri, and many other states. have provided by statute that "the time within which an act is to be done shall be computed by excluding the first day, and including the last.  If the last day be Sunday, it shall be excluded."  Rev. St. Mo. 1889, § 6570.  But congress has made no such general provision, and has in no way indicated any intention that the time within which an appeal may be taken under this act should be extended beyond the six months on account of the last or any of the Sundays or holidays that fall within the time fixed for the appeal.  By the act of March 2, 1867, (chapter 176, § 48, 14 St. p. 540; section 5013, Rev. St. tit. "Bankruptcy,") congress provided that "in all cases in which any particular number of days is prescribed by this title, or shall be mentioned in any rule or order of court or general order which shall at any time be made under this title, for the doing of any act, or for

any other purpose, the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first, and inclusive of the last, day, unless the last day shall fall on a Sunday, Christmas day, or on any day appointed by the president of the United States as a day of public fast or thanksgiving, or on the 4th of July, in which cases the time shall be reckoned exclusive of that day, also." By the act of September 24, 1789, (chapter 20, § 23, 1 St. p. 85; section 1007, Rev. St.,) congress provided that "in any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation."

These provisions clearly indicate that it was the understanding and intention of congress that all Sundays should be counted as part of the time limited within which an act is to be done under their legislation, unless they are excluded by express provision. Where the time limited for the performance of an act is less than seven days, where the unit of its measurement is the day, and there is reason to suppose that juridical days were intended by a statute or act of congress, there is reasonable ground for the holding that Sundays and legal holidays falling within such time should be excluded. Hales v. Owen, 2 Salk. 625; Rex v. Elkins, 4 Burrows, 2130; Thayer v. Felt, 4 Pick. 354. But where the time limited is such that one or more Sundays must fall within it, and there is no statute or act excluding any of them, it is certainly not the province of the court to extend the time fixed by excluding the last, the first, or any intermediate Sunday or holiday. Alderman v. Phelps, 15 Mass. 225; Ex parte Dodge, 7 Cow. 147. Moreover, where the unit of measurement of the time limited is not the day, but is the month or year, there is still less reason to hold that any day that falls within the month or year can be excluded by the court. There are Sundays in every month. They are as much a part of the month as Saturdays, or any of the other days of the week; and where the time limited is measured by the month, and there is no statute excluding any day, there is no more reason for excluding the last Sunday of the last month from the six months limited by act of congress for taking an appeal, when the last day of the six months falls on Sunday, than there is for excluding the first Sunday of the first month, when the first day of the six months happens to fall on Sunday, or all the Sundays in the six months, for that matter; and, if they were all excluded, the time limited would be extended nearly another month. The result is that when the last day of the six months within which an appeal may be taken, or writ of error sued out, to review in this court a decree or judgment below, falls on Sunday, the appeal cannot be taken, or writ sued out, on any subsequent day. The motion is granted, and the appeal is dismissed, with costs.