MEYER v. HOT SPRINGS IMP. CO.

SAME v. WRIGHT.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1909.)

Nos. 1,679, 1,680.

TIME (§ 10*)—FEDERAL COURTS—PROCEDURE—REVIEW—TIME OF TAKING PRO-CEEDINGS—CONSTRUCTION OF LIMITATION IN STATUTE.

Under the provision of section 11 of Act March 3, 1891, c. 517, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), creating the Circuit Courts of Appeals, that "no appeal or writ of error by which any order judgment or de-cree may be reviewed in the Circuit Court of Appeals under the provi-sions of this act shall be taken or sued out except within six months after the entry of the order judgment or decree sought to be reviewed," when the last day of the six months is Sunday it is not excluded, and an appeal cannot be taken on the next day.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. § 10.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

On motion to dismiss appeals.

A. L. Leavitt, F. H. Mills, and Arthur P. French, for appellants.

Williams, Wood & Linthicum, Thomas Drake, and J. C. Flanders, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellee moves to dismiss the ap-peals in these cases on the ground that they were not taken within

the time allowed by law. The last day of the statutory period of six months was Sunday, and the appeals were not taken until the following day. The question arises whether, in the computation of the time, Sunday, being the last day thereof, is to be excluded. At common law, when Sunday is the last day of the time within which an act is to be performed under a contract, it is excluded, and performance on Monday is allowed. Hammond v. American Mutual Life Ins. Co., 10 Gray (Mass.) 306; Salter v. Burt, 20 Wend. (N. Y.) 205, 32 Am. Dec. 530; Pressed Steel Car Co. v. Eastern R. Co., 121 Fed. 609, 57 C. C. A. 635. So, in construing rules of court in respect to time for pleading and other matters of mere practice, if the last day fall on Sunday, the whole of the next day is allowed within which to perform the required act. Anonymous, 2 Hill (N. Y.) 375, and cases there cited. But while courts may construe their own rules equitably and extend the time therein limited, they have no such power as to statutes, and the decided weight of authority is that when the act is to be done within a time fixed by statute, and the last day thereof falls upon Sunday, that day will not be excluded, unless a different rule for computing the time is also provided by statute. Alderman v. Phelps, 15 Mass. 225; Ex parte Dodge, 7 Cow. (N. Y.) 147; Drake v. Andrews et al., 2 Mich. 204; Pearpoint and Lord v. Graham, 4 Wash. C. C. 232, Fed. Cas. No. 10,877; Shefer et al. v. Magone (C. C.) 47 Fed. 872; Johnson et al. v. Meyers et al., 54 Fed. 417, 4 C. C. A. 399; Hermann v. United States (C. C.) 66 Fed. 721. While the codes and statutes of most of the states provide for the exclusion of Sunday when it is the last day within which an appeal may be taken or other act performed under statutory authority, Congress has made no such provision in reference to appeals from any of the federal courts. The fact that it has made such provision specially as to certain other proceedings is to be taken as indicative of its intention to limit the same to those proceedings. Shefer et al. v. Magone (C. C.) 47 Fed. 872. A case directly in point is the decision of the Circuit Court of Appeals for the Eighth Circuit in Johnson et al. v. Meyers et al., supra.

The motions will be allowed, and the appeals dismissed.