SIEGELSCHIFFER v. PENN MUT. LIFE INS. CO. et al.

(Circuit Court of Appeals, Second Circuit. December 19, 1917.)

1. APPEAL AND ERROR ⬤⟿401—"WRIT OF ERROR"—NATURE OF WRIT.
   A writ of error is the writ of the appellate court, addressed to the judge of the trial court, directing him to send the record and proceedings in the case to the appellate court, and such writ is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Writ of Error.]

2. TIME ⬤⟿9(1)—COMPUTATION—RULE.
   Ordinarily the time within which an act is to be done is to be computed by excluding the first day and including the last.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TIME ⬤=10(9)—WRIT OF ERROR—PERFECTION—TIME OF.

Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1916, § 1647), declares that no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals shall be taken or sued out, except within six months after entry of the judgment, order, or decree to be reviewed. The last day of the six-months period allowed for suing out a writ of error fell on Sunday. Plaintiff in error, Sunday being "dies non juridicus," sued out a writ of error on the following Monday, contending that it was within time. *Held* that, despite the ordinary rule that, when the last day of a period falls on Sunday, the act can be lawfully done on the following Monday, the writ of error must be quashed, not being brought within time, for the Circuit Court of Appeals has no authority to extend or restrict the period, and furthermore such determination is in accordance with the practice in the state of New York, where sat the federal court rendering the judgment sought to be reviewed.

4. COURTS ⬤=356—PRACTICE—FEDERAL COURTS.

As Act Cong. March 3, 1891, § 11, providing that appeals to and writs of error from the Circuit Court of Appeals must be taken or sued out within six months after entry of judgment, order, or appeal sought to be reviewed, should receive the same construction in each circuit, U. S. Comp. St. 1916, § 1537, declaring that the practice in civil cases in the District Court shall conform as near as may be to the practice existing at the time in like causes in the courts of record in the state within which such District Courts are held, has no application, and the state practice with respect to computation of time should not be deferred to, so as to change the rules as to computation of time for appealing or suing a writ of error in the various circuits.

In Error to the District Court of the United States for the Southern District of New York.

Action between Hyman L. Siegelschiffer and the Penn Mutual Life Insurance Company and another. There was a judgment for the latter, and the former brings error. On motion for dismissal. Motion granted, and writ of error quashed.

A motion was made to dismiss the writ of error on the ground, among others, that it was not taken within six months after the entry of the judgments sought to be reviewed. The judgments in the court below were entered on January 8, 1917. The writ of error was taken out on July 9, 1917. The six-months period expired on July 8, 1917, which fell on Sunday. The question is whether the writ taken out on the following Monday was in time.

Bergoffen & Michaels, of New York City, for plaintiff in error.
Winthrop & Stimson, of New York City, for defendants in error.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

ROGERS, Circuit Judge. The question presented involves the construction to be placed upon that part of Act Cong. March 3, 1891, c. 517, § 11, which fixes the time within which appeals and writs of error may be taken or sued out, and which reads as follows:

"No appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*order, judgment, or decree sought to be reviewed."* U. S. Compiled Statutes
Ann. 1916, vol. 3, p. 3266, § 1647.

[1] The writ of error is the writ of the appellate court addressed
to the judge of the trial court directing him to send the record and
proceedings in the case to the appellate court. In Brooks v. Norris
(1850) 11 How. 204, 13 L. Ed. 665, it was decided, Chief Justice Taney
speaking for the court, that:

"The writ of error is not brought, in the legal meaning of the term, until
it is filed in the court which rendered the judgment. It is the filing of the
writ that removes the record from the inferior to the appellate court, and the
period of limitation prescribed by the act of Congress must be calculated ac-
cordingly. The day on which the writ may have been issued by the clerk or
the day on which it is tested are not material in deciding the question."

This case is cited with approval in Mussina v. Cavazos, 6 Wall. 355,
18 L. Ed. 810, and in Scarborough v. Pargoud, 108 U. S. 567, 2 Sup.
Ct. 877, 27 L. Ed. 824.

[2, 3] It is conceded that courts have no power to enlarge the stat-
utory time to sue out a writ of error. It is also true that they have
no power to shorten the statutory time. When the last day of the six-
months statutory period falls on Sunday, does the period expire on
Saturday or on the following Monday? It is agreed, of course, that the
writ cannot be sued out on Sunday, which is dies non juridicus. The
plaintiff in error insists that the writ was sued out in time, and he
relies on the principle applied in Street v. U. S., 133 U. S. 299, 10
Sup. Ct. 309, 33 L. Ed. 631. In that case the statute authorized the
President to fill vacancies in the army then existing or which might
occur prior to the 1st day of January then next. The 1st day of Jan-
uary fell on Sunday, and the Supreme Court held that in the exercise
of the power thus conferred an order made on the 2d day of Jan-
uary was valid. The opinion, written for the court by Mr. Justice
Brewer, stated that:

"A power that may be exercised up to and including a given day of the
month may generally, when that day happens to be Sunday, be exercised on
the succeeding day."

It is urged upon us that Congress, in enacting the law of March 3,
1891, and fixing a six-months limitation for appeals, presumably knew
of the rule of statutory construction applied in the above case, and
intended that the statute should be interpreted accordingly.

The early common-law rule adopted in England and in some early
decisions in the United States was that, in the absence of anything
indicating a different intention, a month in law meant a lunar month,
or 28 days. This rule was abolished by statute in England in 1850. In
this country, in some of the states, statutes have been enacted defin-
ing the meaning of the term, and now the word "month" means a
calendar month, either because of a statute or by judicial decision.
Guaranty Trust & Safe Deposit Company v. Green Cove Springs &
Melrose R. Co., 139 U. S. 137, 11 Sup. Ct. 512, 35 L. Ed. 116.

It is also, we take it, settled by the weight of authority that the time
within which an act is to be done is to be computed by excluding the
first day and including the last. Sheets v. Selden, 2 Wall. 177, 17

L. Ed. 822; Eliot National Bank v. Gill (D. C.) 210 Fed. 933, 940. And when the last day falls on Sunday it is the general rule, made so by statute in many jurisdictions, that the act to be done may be lawfully done on the day following. Monroe Cattle Co. v. Becker, 147 U. S. 47, 55, 13 Sup. Ct. 217, 37 L. Ed. 72.

In 38 Cyc. 330, it is said that, although the decisions are not entirely uniform, the above rule has also been held to apply to pleading, serving process, putting in special bail, the service, publication, and operation of notice, returning an execution, suing out a writ of scire facias to revive a judgment, preparing and serving a statement on motion for a new trial, the filing of a bill of exceptions, transcript, brief, appeal bond, or undertaking, and the taking of other steps to perfect an appeal, redeeming lands from a tax or other judicial sale, as well as to the time within which a justice of the peace must render judgment after submission of the case. The rule has, however, been held not to apply in computing the time limited by statute for the commencement of an action, the time for refiling a chattel mortgage, or filing and enforcing a mechanic's lien, or filing a motion to set aside a default; and where the day fixed for the payment of commercial paper falls on Sunday, the weight of authority is in favor of the view that the preceding day is the day of maturity, at least where the paper is entitled to grace. In 28 Am. & Eng. Encyc. of Law, p. 224, it is said that at common law:

"When Sunday is the last day for the performance of an act, it is usually excluded, and performance on Monday allowed. The contrary, however, has been held."

And in 20 Encyc. Pl. & Pr. p. 1204, it is said:

"The authorities also differ as to the proper practice where the period prescribed for doing an act expires on Sunday, though the weight of authority seems to be that the act may be done on the following day."

The question now presented to the court has been passed upon by the Circuit Court of Appeals in the Eighth and Ninth Circuits. And in both circuits it has been held that, when the last day of the six months within which an appeal may be taken or writ of error sued out falls on Sunday, the appeal cannot be taken or writ sued out on the Monday following. The question was presented in the Eighth Circuit in Johnson v. Meyers (1893) 54 Fed. 417, 4 C. C. A. 399. It then arose in the Ninth Circuit in Meyer v. Hot Springs Imp. Co. (1909) 169 Fed. 628, 95 C. C. A. 156.

The theory is that, when the period within which an act is to be done is less than seven days, there is reason to think that juridical days are intended, and that Sunday following within such time should be excluded, but that, where the time limited is such that one or more Sundays must fall within it, the court should not extend the time fixed by excluding the last, the first, or any intermediate Sunday. There are Sundays in every month, and they are as much a part of the month as Saturdays, and there is no more reason for excluding the last Sunday than the intervening Sundays, and if the intervening Sundays were to be excluded we should extend thereby the time limited another month.

[4] Counsel for the plaintiff in error argued in this court that, no matter what may be the rule in any other circuit, we should conform to the rule adopted in the state of New York, as the action was commenced in the Southern district of New York. He relies on section 1537 of the United States Compiled Statutes (1916) Annotated, vol. 3, p. 2912, which declares that:

"The practice * * * in civil causes, * * * in the [Circuit] District Courts, shall conform, as near as may be, to the practice * * * existing at the time in like causes in the courts of record of the state within which such [Circuit or] District Courts are held, any rule of court to the contrary notwithstanding."

It is clear to us that an act of Congress has the same meaning throughout the entire United States. It certainly cannot mean one thing in one circuit and a different thing. in another circuit. And section 1537 of the Compiled Statutes does not apply to the question this case raises. But, if it were to be assumed for the purposes of the argument that the law of New York is controlling, we should reach the same result. Counsel informs us that in the state of New York the last day of any time to appeal, if a Sunday, is excluded. He has not referred us to any cases which support his claim. We have, however, examined the New York cases, and they seem to be contrary to his opinion.

The rule in New York in regard to computing time prescribed by statute was stated by the Court of Appeals prior to the enactment of the Statutory Construction Law in Porter v. Pierce (1890) 120 N. Y. 217, 24 N. E. 281, 7 L. R. A. 847, and the court held that under a statute allowing a creditor to redeem within 15 months after a sheriff's sale, and providing that he might redeem from any other redeeming creditor, although the 15 months had elapsed, provided he redeems within 24 hours after the last previous redemption, that if the last day for redemption fell on Sunday redemption could not be made on Monday. In its opinion the court said:

"But for reasons founded in public policy, the maxim 'dies non juridicus' is given a liberal construction and effect, so as to embrace in it that which may be deemed within its purpose and meaning. * * * It is now quite well established that the observance of the Sabbath day as such is a right which may be enjoyed without molestation by transactions of a secular character. Hence Sunday cannot, for the purpose of performing a contract be regarded as a day in law, and when it is due on Sunday, performance on Monday following is in time. * * * When the statute requires that something be done within a given time, it must be so done, and, although the last day be Sunday, it must be embraced in the computation of the time."

Then the Statutory Construction Law (chapter 677, Laws of 1892) was adopted, which provided in section 26 that:

"In a statute * * * the term month means a calendar month and not a lunar month. A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted."

And section 27 provides that:

"Sunday or a public holiday other than a half-holiday must be excluded from the reckoning if it is the last day or an intervening day of any such period of two days."

This was construed in Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565, and the Court of Appeals held that section 27 was not applicable to a period of years. So in Ryer v. Prudential Ins. Co., 185 N. Y. 6, 77 N. E. 727, the same section was held inapplicable to a term of months. That being so, if the time within which a suit is to be commenced expires on Sunday, that day is not to be excluded as counsel contended.

In deciding as we do that, when the last day of the six months within which a writ of error may be taken out falls on Sunday, it is too late if it is taken out on the following Monday, we are conforming both to the law of the state of New York within which the District Court is held, and also to the decisions in the other circuits.

The motion to dismiss is granted, and the writ of error is quashed, with costs.