memorandum by the court.
The application for appeal is opposed by the defendant upon the ground that the judgment from which the appeal is sought to be taken was rendered on the 5th day of May, 1919, and the application for appeal was filed on August 4, 1919, and was not, therefore, within the time required by law. Section 243, Judicial Code, provides that appeals from the Court of Claims “ shall be taken within ninety days after the judgment is rendered.” The application for appeal was filed after the expiration of ninety days. The last day within the ninety days was Sunday.
The application is denied upon the authority of Siegelschifer v. Penn Mutual Life Ins. Co., 248 Fed. 226; Meyer v. Hot Springs Imp. Co., 169 Fed. 628; and Johnson v. Meyers, 54 Fed. 417. In one of these cases it is said by Circuit Judge Gilbert that while courts may construe their own rules equitably and extend the time therein, “they have no such power as to statutes, and the decided weight of authority is that when the act is to be done within a time fixed by statute, and the last day thereof falls upon Sunday, that day will not be excluded, unless a different rule for computing the time is also provided by statute.”