### COVEY v. WILLIAMSON et al.

(Court of Appeals of District of Columbia. Decided January 20, 1923.)

#### No. 795.

1. Time ⬅➡10(9)—Sundays and holidays not excluded in determining time within which writ of error must be applied for.

In determining the statutory period of 10 days after the entry of final judgment within which the writ of error must be applied for, Sundays and holidays are not to be excluded, since the period prescribed by the statute would necessarily include at least one Sunday, and the statute makes no provision for excluding Sundays or holidays.

2. Courts ⬅➡80(4)—Municipal Court rule cannot enlarge time fixed by statute.

The rules of the municipal court and of the Court of Appeals of the District, excluding Sundays and holidays in calculating time provided for by them, apply only where the statute is silent, and cannot enlarge the 10 days fixed by the statute within which to apply for a writ of error.

Writ of Error to the Municipal Court of the District of Columbia.

Action between Marion L. Covey and Charles J. Williamson and others, as trustees under the last will and testament of Samuel S. Hoover, deceased. Judgment for the latter, and the former brings error. Motion to quash the writ of error sustained.

B. R. Stewart, of Washington, D. C., for plaintiff in error.

George C. Gertman, of Washington, D. C., for defendants in error.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. [1] This is a motion to quash a writ of error to the municipal court on the ground that it was not applied for in time. The statute provides that the application for the writ must be made "within ten days after the entry" of final judgment. The judgment was entered on December 14, and the petition presented on December 27, 1922, 13 days afterwards. There intervened two Saturday half holidays, two Sundays, and Christmas Day. Counting the first as one day, there were four days which plaintiff in error claims should be deducted from the time which elapsed between the rendition of judgment and the date of the application. If he is right, the application for the writ was made in time. But may we deduct the Sundays and holidays? This presents the turning point in the case. There is nothing in the statute which says that it may be done. Is there any rule of construction which requires it?

As early as St. Clair v. Conlon, 12 App. D. C. 161, this court in construing one of its rules said that Sundays and legal holidays could not be excluded from the time within which an act was to be done, since the rule did not provide for it, but that was a dictum. In Johnson v. Meyers, 54 Fed. 417, 4 C. C. A. 399, the Circuit Court of Appeals for the Eighth Circuit, speaking through Judge Sanborn, said that, where the time limited for the performance of an act is less than seven days, where the unit of its measurement is a day, and there is no reason to suppose that juridical days were intended by a statute or act of Congress, there is reasonable ground for the holding that Sundays and legal holidays falling within such time should be excluded. But where the time is such that one or more Sundays must fall within it, and there is no statute or act excluding any of them, it is certainly not in the province of the court to extend the time by excluding the last, the first, or any intermediate Sunday or holiday. This decision has been followed by several Circuit Courts of Appeals. Blaffer v. New Orleans Water Supply Co., 160 Fed. 389, 87 C. C. A. 341; Meyer v. Hot Springs Imp. Co., 169 Fed. 628, 95 C. C. A. 156; Siegelschiffer v. Penn Mutual Life Insurance Co., 248 Fed. 226, 160 C. C. A. 304; and Maresca et al. v. United States (C. C. A.) 277 Fed. 727, a criminal case.

In the Maresca Case the question was as to whether the bill of exceptions was signed and filed in time. The last day on which this might have been done was a holiday. If that day was excluded the signing and filing were in time. The Circuit Court of Appeals, Second Circuit, went into the question quite fully, and held that since the statute did not provide for the exclusion of the holiday it must be counted, and that in consequence the bill of exceptions must be disregarded. An application to the Supreme Court of the United States for a writ of certiorari was denied January 3, 1922. 257 U. S. 657, 42 Sup. Ct. 183, 66 L. Ed. 201, advance sheets. We find no federal authority in conflict with this rule. Even in the states it seems to be generally settled that when the time stipulated must necessarily include one or more Sundays, those days will be included in the absence of an express proviso for their ex-

clusion. 26 R. C. L. 751. The authorities proceed upon the theory that since the Legislature did not provide for the elimination of Sundays and holidays in calculating the time within which an act should be done the courts have no power to disregard them.

[2] Counsel for the plaintiff in error points to the rules of the municipal court and to a rule of this court which provide expressly for the exclusion of Sundays and holidays in calculating time provided for by them, as authority for his position, but these rules apply only where the statute is silent. Where the statute provides, as here, that the act must be done within a certain number of days no rule of court could enlarge the time. True, both the municipal court and this court are authorized to make rules relating to practice, but they must not be in conflict with any statute. This is elementary. 7 R. C. L. § 51, p. 1024.

Our attention is called to Ocumpaugh v. Norton, 24 App. D. C. 296, 2 Ann. Cas. 133; but it does not assist the plaintiff in error, because the rule of court there construed expressly provided that Sundays and legal holidays should be excluded. Much attention is given in the opinion to the question as to whether certain days mentioned in section 1389 of the Code should be considered as holidays within the meaning of the rule of court, and the conclusion was reached that they should be. But manifestly this has no relation to the question now before us.

In view of what we have said it is clear that the writ of error was not applied for in time. At first glance, the time within which the application must be made may seem short; but it is not when we consider that a bill of exceptions is not required at the time the application is made. The purpose of the statute is to expedite the disposition of municipal court cases, and this is served by the construction we have placed upon it.

The motion to quash must be, and it is, sustained, and the costs are assessed against the plaintiff in error.