## HUNTT v. BRIGHTWOOD SANITARIUM CO.

(Court of Appeals of District of Columbia. Submitted November 8, 1922. Decided April 3, 1923.)

No. 3825.

Time ⬅️10(9)—Sundays and holidays not excluded in computing time for application for writ of error.

In computing the 10 days allowed by 41 Stat. 1310, in which to apply for a writ of error, Sundays and holidays are not to be excluded.

Writ of Error to the Municipal Court of the District of Columbia.

Action by Elmer T. Huntt against the Brightwood Sanitarium Company. Judgment for defendant, and plaintiff brings error. Writ dismissed.

W. B. Guy and F. B. Warder, both of Washington, D. C., for plaintiff in error.

R. B. Dickey, of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. A judgment was entered against Elmer T. Huntt in the municipal court on November 21, 1921. On December 5, same year, he petitioned the Chief Justice of this court to grant him a writ of error. The Brightwood Sanitarium Company, defendant below, objected to the allowance of the writ, on the ground that it had not been applied for within 10 days, as provided in the statute (41 Stat. 1310), and showed that 14 days had elapsed between the entry of judgment and the presentation of the petition. Huntt, admitting this, claimed that the Sundays and holidays which had intervened should be deducted, and, if they were, the application was made in time. The Chief Justice, being of the opinion that the point thus raised, as well as the merits of the case, should be submitted to the whole court, granted the writ. Afterwards, in the case of Covey v. Williamson, —— App. D. C. ——, 286 Fed. 459, it was held that under the statute Sundays and holidays should not be deducted; that the application must be made within 10 days, including Sundays and holidays, from the date on which the judgment is rendered. Upon learning of this decision, the Brightwood Sanitarium Company moved to quash the writ.

In view of the decision in the Covey Case, the motion is sustained, and the writ dismissed; plaintiff in error to pay costs.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes