## In re ANTTONEN.

(District Court, D. Oregon. October 29, 1923.)

No. 3244.

**1. Time ⊜⇒9(1)—In computation of period, first day generally excluded.**

The general rule for interpretation of contracts and statutes, where an act is to be performed within a specified period from and after a day named, is to exclude the day thus designated and to include the last day of the period.

**2. Time ⊜⇒10(2)—Naturalization; time for filing petition not extended because last day is Sunday.**

The provision of Naturalization Act June 29, 1906, § 4, subd. 2 (Comp. St. § 4352), that an alien applicant for admission to citizenship must file his petition "not less than two years nor more than seven years after he has made such declaration of intention," must be given a literal construction, and, when the last day of the seven-year period falls on Sunday, the petition cannot be filed on the next day.

In the matter of the petition of Hjalmar Anttonen for admission to citizenship. Denied.

W. K. Royal, of Portland, Or., for petitioner.

V. W. Tomlinson, U. S. Naturalization Examiner, of Portland, Or., for the United States.

WOLVERTON, District Judge. Petitioner is a native of Finland. He made a declaration of intention to become a citizen of the United States on July 16, 1908, but allowed it to lapse, in that he failed to file his petition to be admitted as a citizen within seven years after making his declaration. On April 15, 1916, he made another declaration, and on Saturday, April 14, 1923, in the afternoon, he went to the clerk's office to file his petition, but, finding the office closed, was unable to obtain his filing. The time for closing the office on Saturday is 12:30 p. m., and it was because of the rule that it was closed. The petitioner claims, however, that he was entitled to file his petition on Monday following, because of the fact that the last day of the period of seven years in which the law permitted of his filing such petition fell on Sunday, a nonjudicial day.

The statute is specific that the declarant shall "not less than two years nor more than seven years after he has made such declaration of intention" make and file, in duplicate, his petition for admission. Act of Congress June 29, 1906, § 4, subd. 2; 1909 Supp. Fed. Stat. Ann. pp. 366, 367 (Comp. St. § 4352).

That the naturalization statutes adopt a procedure for admission of aliens to citizenship can scarcely be disputed. It must be further premised that the right accorded to aliens to become citizens of the United States is a privilege to be exercised at their option, and "it is no destruction of a right or privilege to limit the time for its assertion." United States v. Morena, 245 U. S. 392, 396, 38 Sup. Ct. 151, 152 (62 L. Ed. 359).

So, also, "an alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress." United States v. Ginsberg, 243 U. S. 472, 474, 37 Sup. Ct. 422, 425 (61 L. Ed. 853).

Now, while the naturalization statutes grant a privilege to the alien to become a citizen, and adopt a procedure, whereby he may acquire his citizenship, they also prescribe the terms and conditions upon which it may be obtained, one of which is that he shall file his petition not more than seven years after he has made his declaration of intention.

[1, 2] The general rule for the interpretation of contracts or statutes, where time is to be computed from a particular day, as when an act is to be performed within a specified period from and after a day named, is to exclude the day thus designated, and to include the last day of the specified period. Sheets v. Seldon's Lessee, 2 Wall. 177, 17 L. Ed. 822; Eliot Nat. Bk. v. Gill (D. C.) 210 Fed. 933.

This rule has been applied in the interpretation of the statute invoked in the present instance. In Re Babjak (D. C.) 211 Fed. 551, it was held that the day of the date of declaration should be excluded in computing the seven-year period, and that a petition for naturalization filed on the seventh anniversary of that date was in time. And in Re Britton (D. C.) 248 Fed. 607, 608, it was said: "Under this act all declarations become invalid at the expiration of seven years."

The Naturalization Act, viewed as prescribing a procedure, by reason of its specific language negativing the right to petition for citizenship after the expiration of seven years—the language being "nor more than seven years"—should receive an exact interpretation, as it subserves the manifest intendment of Congress. Thus, where it is prescribed that "no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Cout of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed" (Comp. St. § 1647), it has been uniformly held that, where the last day of the period prescribed falls on Sunday, the appeal or writ cannot be prosecuted on a subsequent day. Johnson v. Meyers, 54 Fed. 417, 4 C. C. A. 399; Meyer v. Hot Springs Imp. Co., 169 Fed. 628, 95 C. C. A. 156; Siegelschiffer v. Penn. Mut. Life Ins. Co., 248 Fed. 226, 160 C. C. A. 304.

Viewed as a statute prescribing a condition upon which the alien may obtain his citizenship, it could hardly receive a more liberal construction.

The petition will be denied.