Appeal of SAM SATOVSKY.                          Docket No. 97.

An appeal is filed with the Board of Tax Appeals only when deposited in the office of the Board at Washington, D. C., and a delay in filing caused by failure in delivery of the mail on the sixtieth day on account of that day being a Sunday or a holiday deprives the Board of jurisdiction.

Submitted October 6, 1924; decided October 24, 1924.

*Wm. Henry Gallagher, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

GRAUPNER: The Commissioner has moved to dismiss this appeal upon the ground that the Board is without jurisdiction because the petition was not filed within 60 days after mailing the deficiency notice to the taxpayer.

The essential facts disclosed by the papers on file in the appeal are as follows:

The deficiency notice was mailed to the taxpayer on July 2, 1924. Thus, the taxpayer had until August 31, inclusive, to file his appeal with the Board. The taxpayer deposited his appeal petition in the mail chute of the Majestic Building at Detroit, Mich., some time before 4 p. m. on Friday, August 29, 1924. Postage, including special delivery stamp, was affixed to the containing envelope. The petition was not delivered to the office of the Board in Washington until September 2, 1924, and was marked filed as of that date. This filing was on the sixty-second day. The sixtieth day, August 31, was Sunday, and the following day was Labor Day, a holiday. The office of the Board was closed on both of these days and no mail delivery could be made thereat by the post office.

Section 900(e) of the Revenue Act of 1924 grants the Board jurisdiction to hear and determine appeals filed under sections 274, 279, 308, and 312 of the Act.

Section 274, the one applicable in this case, provides:

Within 60 days after such notice is mailed the taxpayer may file an appeal.

It is contended by the taxpayer that, where the sixtieth day falls on Sunday, and the next succeeding day is a legal holiday, an appeal filed on the next day following the legal holiday complies with the statute, particularly when it was mailed in time to arrive in the due course of the mails on the sixtieth day.

The Commissioner contends that there can be no extension of the 60-day period; that it is a statutory limitation which must be construed strictly; that, as there is no general Federal statute, similar to those existing in many of the States, extending the time for the filing of a paper where the last day of limitation falls on a holiday, this Board can not by rule or decision excuse any failure to file an appeal within the 60 days granted by the Act; and that an appeal is not filed until it is delivered to the custody of the Board.

These contentions present the following questions for determination: (1) Does deposit of an appeal in the United States mails in time for delivery in the ordinary course of the mails at the office of the Board on the sixtieth day constitute a filing within the meaning of the Act? (2) Does the fact that the sixtieth day falls on a holiday automatically confer authority on the Board to extend the statutory period for accepting an appeal?

Because the solution of those questions depends upon the interpretation of a Federal statute, we must turn to the decisions of the Federal courts interpreting other Federal statutes containing limitations of time for guidance.

Answering the first question, it is our opinion that an appeal is not filed with the Board until the petition thereon has been delivered to some person authorized to receive it at the office of the Board in Washington, D. C. This opinion is based upon the decision of the United States District Court in *United States* v. *Lombardo*, 228 Fed., 980, 982, and cases cited therein.

In that case the question before the court was whether under the Mann Act a failure to file a statement therein required with the Commissioner General of Immigration was committed in one of the Federal districts of the State of Washington or in the District of

Columbia, where the Commissioner General had his office. The court held that the failure to file the required statement could only be punished in the District of Columbia, where the office of the Commissioner General was located, saying:

The second contention of the defendant, that the court has not jurisdiction, must also be sustained. The gist of the offense is the failure " to file with the Commissioner General of Immigration " a statement, etc. By Act March 3, 1891 (ch. 551, sec. 7, 26 Stat. at Large, 1085), as amended by Act March 2, 1895 (ch. .177, 28 Stat. p. 780), the office of the Commissioner of Immigration was created and his office fixed at Washington, D. C. The Government contends that the offense was a continuing one, and extended from this district to Washington, D. C., and that the filing of the statement need not be at the office in Washington, but may be deposited in the post office of the United States, addressed to the Commissioner General, and this forwarding through the usual course of mail should be considered as " filing," and that the failure to post within 30 days would commence the offense, which would be continuous. This contention can not be reconciled with the language employed in the Act. The word " file " was not defined by Congress. No definition having been given, the etymology of the word must be considered and ordinary meaning applied. The word " file " is derived from the Latin word " filum," and relates to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received. " Shall file " means to deliver to the office, and not send through the United States mails. *Gates* v. *State*, 128 N. Y., 221, 28 N. E., 373. A paper is filed when it is delivered to the proper official and by him received and filed. Bouvier, Law Dictionary; *Hoyt* v. *Stark*, 134 Cal., 178, 66 Pac., 223, 86 Am. St. Rep., 346; *Westcott* v. *Eccles*, 3 Utah, 258, 2 Pac., 525; *In re Von Borcke* (D. C.), 94 Fed., 352; *Mutual Life Ins. Co.* v. *Phinney*, 76 Fed., 618, 22 C. C. A., 425. Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act.

See, also, *Pendrey* v. *Brennan* (Idaho), 169 Pac., 174; *In re Gorski* (Mass.), 116 N. E., 811.

In answering the second question, we are of the opinion that, inasmuch as the Revenue Act of 1924 contains no indication that Congress had any intention of permitting any extension of the 60 days within which to file an appeal, this Board is without power to grant an extension of the time. The language of the Act is inflexible and upon it depends the jurisdiction of the Board.

This opinion is founded upon a line of decisions by Federal courts in which various limitations in several Federal statutes are construed, the leading one of which is *Johnson* v. *Meyers*, 54 Fed., 417. In this case the United States Circuit Court of Appeals. Eighth Circuit, had before it the interpretation of the Act of March 3, 1891, which created the Circuit Courts of Appeals. The Act provided—

That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals under the provisions of this Act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed.

The decree there sought to be reviewed was entered May 27, 1892, and the last day within the six months after its entry was November 27, 1892. November 27, 1892, was evidently either a Sunday or a legal holiday. The court said:

* * * November 28, 1892, the day on which the appeal was taken, was obviously not within the six months after the entry of the judgment. Missouri, and many other States, have provided by statute that " the time within which an act is to be done shall be computed by excluding the first day, and in-

cluding the last. If the last day be Sunday, it shall be excluded." (Rev. St. No. 1889, sec. 6570.) But Congress has made no such general provision, and has in no way indicated any intention that the time within which an appeal may be taken under this Act should be extended beyond the six months on account of the last or any of the Sundays or holidays that fall within the time fixed for the appeal. By the Act of March 2, 1867 (ch. 176, sec. 48, 14 St., p. 540; sec. 5013, Rev. St., tit. "Bankruptcy"), Congress provided that "in all cases in which any particular number of days is prescribed by this title, or shall be mentioned in any rule or order of court or general order which shall at any time be made under this title, for the doing of any act, or for any other purpose, the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first, and inclusive of the last, day, unless the last day shall fall on a Sunday, Christmas Day, or on any day appointed by the President of the United States as a day of public fast or thanksgiving, or on the 4th of July, in which case the time shall be reckoned exclusive of that day, also." By the Act of September 24, 1789 (ch. 20, sec. 23, 1 St., p. 85; sec. 1007, Rev. St.), Congress provided that "in any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within 60 days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation."

These provisions clearly indicate that it was the understanding and intention of Congress that all Sundays should be counted as part of the time limited within which an act is to be done under their legislation, unless they are excluded by express provision. Where the time limited for the performance of an act is less than seven days, where the unit of its measurement is the day, and there is reason to suppose that juridical days were intended by a statute or Act of Congress, there is reasonable ground for the holding that Sundays and legal holidays falling within such time should be excluded. (*Hales* v. *Owen*, 2 Salk., 625; *Rex* v. *Elkins*, 4 Burrows, 2130; *Thayer* v. *Felt*, 4 Pick., 354.) But where the time limited is such that one or more Sundays must fall within it and there is no statute or Act excluding any of them, it is certainly not the province of the court to extend the time fixed by excluding the last, the first, or any intermediate Sunday or holiday.

See, also, *Blaffer* v. *New Orleans Water Supply Co.*, 160 Fed., 389; *Meyer* v. *Hot Springs Improvement Co.*, 169 Fed., 628; *Seigelschiffer* v. *Penn Mutual Life Ins. Co.*, 248 Fed., 226; *Maresca et al.* v. *United States*, 277 Fed., 727; *Covey* v. *Williamson*, 286 Fed., 459; *Frackelton* v. *United States*, 57 Ct. Cl., 587; *In re Lang*, 14 Fed. Cas. No. 8056.

In accordance with the foregoing opinion, the above appeal is dismissed.