## SOUTHERN PACIFIC COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 805. Motion to dismiss appeal submitted February 1, 1926.— Decided March 1, 1926.

1. This Court has no jurisdiction to consider an appeal from a judgment of the Court of Claims acquiring finality subsequently to

the going into effect of the Act of February 13, 1925, c. 229, 43 Stat. 936, which limited the method of review by this Court of final judgments in the Court of Claims to writs of certiorari. P. 106.

2. A judgment of the Court of Claims, entered before May 13, 1925, the effective date of the above Act, but suspended by a motion for new trial which was denied after that date, was not appealable. *Id.*

Appeal from 60 Ct. Cls. 662, dismissed; certiorari granted.

MOTION to dismiss an appeal from the Court of Claims in an action' brought by the Railroad Company to recover compensation for transportation of impedimenta carried with troop trains of the United States. A writ of certiorari had been applied for in due time and is granted.

*Solicitor General Mitchell,* for the United States, in support of the motion.

*Messrs. William R. Harr* and *Charles H. Bates* for the appellant, in opposition thereto.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Southern Pacific Company filed a petition in the Court of Claims seeking to recover compensation for the transportation of impedimenta carried with troop trains of the United States. It asked for a judgment of $42,-734.97. After a hearing on the evidence, the Court of Claims gave judgment for the Company in the sum of $498.38. This judgment was entered May 11, 1925. On July 10, 1925, the plaintiff filed a motion for a new trial, which, on October 26, 1925, the court denied. On October 28, 1925, the Company filed a petition for an appeal, which was allowed by the Court of Claims on November 2, 1925.

A motion is now made by the United States to dismiss the appeal on the ground that this Court was deprived of jurisdiction to entertain appeals from the Court of

Claims by the Act entitled "An Act to amend the Judicial
Code and to further define the jurisdiction of the Circuit
Courts of Appeals and of the Supreme Court and for other
purposes," approved February 13, 1925, c. 229, 43 Stat.
936.   Section 14 of that Act provides: "This Act shall
take effect three months after its approval, but it shall
not affect cases then pending in the Supreme Court, nor
shall it affect the right to a review or the mode or time for
exercising the same as respects any judgment or decree
entered prior to the date when it takes effect."   The Act
took effect May 13, 1925.   The judgment from which an
appeal is sought was entered May 11, 1925, but the effect
of that judgment as a final judgment was suspended by
the motion for a new trial duly filed, within the rules of
the Court, on July 10, 1925.   This motion was not finally
denied until October 26, 1925, and not until then did the
judgment become subject to review in this Court.   The
general principle is well established by many decisions of
this Court, some of which are cited in *Morse* v. *United
States, post*, p. 151.   That the operation of the Act of Feb-
ruary 13, 1925, does not change the application of the
principle appears clearly from the case of *Andrews* v.
*Virginian Railway*, 248 U. S. 272.   In that case, a suit for
damages for wrongful death was heard in a state Circuit
Court of Virginia, and a judgment rendered in favor of
the defendant, June 16, 1916.   A petition for writ of error
to review the judgment was presented to the Court of
Appeals and finally denied on November 13, 1916.   On
November 27, 1916, a petition was presented to the Pre-
siding Judge of the state Circuit Court for the allowance
of a writ of error from this Court to review the judgment
of that court of June 16, 1916, which was allowed, and the
case was brought here.   Between the time of the rendition
of the judgment in the state Circuit Court and the denial
of the petition for writ of error by the Court of Appeals
of Virginia, November 13, 1916, the Act of Congress of

September 6, 1916, ch. 448, 39 Stat. 726, had been approved and became operative October 6, 1916. In form the judgment to which the writ of error was addressed was rendered on June 16, 1916, before the operation of the Act of Congress, and it was argued that the judgment was outside its provisions. The question considered by the court was thus whether the judgment was a final judgment at the date named, or became so only by the state Court of Appeals declining in the exercise of its discretion to take jurisdiction on November 13, 1916, after the passage of the new Act of Congress. It was held that, though the action of the Court of Appeals was the mere exercise of gracious or discretionary power, neither imperative nor obligatory, the judgment of the Circuit Court could not be regarded as final for the purpose of review in this Court until after the exercise by the Court of Appeals of this discretion. It was therefore held that the judgment of the state Circuit Court, though rendered before the approval of the Act of September 6, 1916, which took effect October 6, 1916, must be regarded as not final with reference to the review by this Court until the refusal of the Court of Appeals of Virginia to consider the case on November 13, 1916. And so in this case. While the judgment to which the appeal was allowed was actually entered two days before the Act of Congress of February 13, 1925, went into effect, the subsequent motion for a new trial of July 10, 1925, seasonably filed, suspended the judgment of the Court of Claims as a final judgment for purposes of review until the denial of the motion for new trial in October, 1925. This Court, therefore, has no jurisdiction to consider an appeal from a judgment acquiring finality only in October after the going into effect of the Act of February 13, 1925, which limited the method of review by this Court of final judgments in the Court of Claims to writs of certiorari after May 13, 1925. The motion to dismiss the appeal must be granted. In the

meantime, and in due time, a petition for certiorari was filed, which the Court has considered, and does now grant, and the cause is set for hearing on the summary docket for the 4th day of October next.