NATIONAL CASKET CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19982.    Promulgated June 25, 1929.

*Richard T. Greene, Esq., James L. Dohr, Esq.,* and *John E. Hughes, Esq.,* for the petitioner.

*A. H. Fast, Esq.,* for the respondent.

**1142**

**OPINION.**

SIEFKIN: The sole question before us is whether the assessment in this case was made within the five-year period prescribed by the statute of limitations as extended by the waiver for one year. The return was filed September 13, 1919. Under the rule laid down in *United Telephone Co.*, 1 B. T. A. 450, the statutory period began at midnight of September 13, 1919. Petitioner questions such exclusion of the day the return was filed in computing the statutory period, but in our view of the case at bar the query raised becomes unimportant. Assuming the cited case to be sound, the ordinary five-year period gave respondent until midnight of September 13, 1924, to make the assessment.

The waiver filed would ordinarily be interpreted as extending that period for one year, or to midnight of September 13, 1925. The assessment was not made until September 14, 1925. Respondent, however, contends that since September 13 fell on Sunday, the respondent's action of the succeeding day was timely. The issue is

thus reduced to the question whether the fact that the day terminating the statutory period was Sunday, served to give the respondent one more business day in which to make the assessment.

Respondent contends the rule applied at common law which he asserts gave the additional day in such instances, is applicable as the consent in writing for the extension of the period constituted a contract. Whatever the rule at common law is, we think it has no application. The question at issue is the interpretation of a statutory provision, as the written consent method of extending the period, as well as the usual limitation period, is prescribed by the statute. As we said in *Wirt Franklin*, 7 B. T. A. 636:

The instrument under consideration is denominated as "income and profits tax waiver." It is in fact a bilateral undertaking entered into by the parties pursuant to the statute. Technically, it is not a waiver of the statute, for it is made pursuant to the statute. It is not an acknowledgment of any existing obligation or a new promise to pay, from which a new cause of action arises, thus beginning anew the period of limitation. It is not an agreement not to plead the statute of limitations as a defense to any asserted tax liability. In short, it is not something to be considered as in avoidance of the statute. By the statute and by its terms, it operates to extend the time.

Accordingly, an extension by a consent in writing must be added to the ordinary statutory period and treated in the same manner as if Congress had granted the additional time in the statute itself.

Respondent also urges a distinction should be drawn where the act to which the limitation applies is a judicial or administrative act. The authorities cited upon this point need not be exhaustively considered. Some of them deal with limitations imposed by court rules or with limitations numbered in days, or both, and are distinguishable for that reason. Others are so remotely related to the question at issue that it is easier to distinguish them than to interpret them as pertinent authority. None of them are persuasive. The contention itself to be here pertinent amounts to urging that the statutes limiting administrative acts must be distinguished from those of general application, for the statute in question purports to apply only to an administrative act. So stated, the contention must fail as we think there is no room under the authorities cited below to extend the statute by interpretation. A similar distinction urged between an administrative or judicial act and the act of a mere party litigant must be rejected for a like reason, as the statute obviously limits the time of an administrative officer who might be termed a party litigant.

The rule that ordinarily a statute of limitations does not run against the Government has no place in this controversy, where we

have a statute which operates only against the Government. Most of the authorities cited are concerned with time limits on which appeals may be filed in higher courts. This question has been extensively considered in both State and Federal courts. It has likewise been before us in *Sam Satovsky*, 1 B. T. A. 22, in which we quoted from *Johnson & Meyers*, 54 Fed. 417, the leading case. In the *Satovsky* case we held a petition which failed to reach the Board on Sunday (the sixtieth day) or on Monday (Labor Day), by reason of failure of mail delivery, was not timely filed when delivered on Tuesday, the next business day. That case was followed in *Southern California Loan Association*, 4 B. T. A. 223, in which we again cited *Johnson & Meyers, supra,* as controlling.

Such decisions are in accord with the great weight of authority, where the limitation period is measured, or can be measured, in terms of months or years rather than in days. The rule followed must now be taken as well established in the Federal courts at least; *Sergelschuffer* v. *Pennsylvania Mutual Life Insurance Co.*, 248 Fed. 226; *Meyers & Hot Springs Imp. Co.*, 169 Fed. 628; *Frackelton* v. *United States*, 57 Ct. Cls. 587; *Belmont-Smokeless Coal Co.* v. *United States Board of Tax Appeals*, 277 Fed. 727; *Covey* v. *Williamson*, 286 Fed. 459.

It is unnecessary to restate at length the decision in *Johnson* v. *Meyers, supra.* However, we again call attention to that portion of the decision which points out a number of statutes indicating it to be the Congressional understanding "that all Sundays shall be counted as part of the time limit within which an act is to be done under their legislation, unless they are excluded by express provision." It may well be observed that Congress in the later Revenue Acts (sec. 274, Act of 1924 and sec. 272, Act of 1928) has seen fit to expressly exclude the sixtieth day (if a Sunday) in computing the limitation period within which appeals may be filed with this Board. No such change has occurred in the wording of the limitation provision under discussion.

We see no reason why the principles laid down respecting limitations on appeals should not be extended to cover the question at issue. There seems no justification for altering, by interpretation, the period fixed by statute. Accordingly, we must hold the assessment barred.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*