## NORTHWESTERN PUBLIC SERVICE CO. v. PFEIFER.

Circuit Court of Appeals, Eighth Circuit. December 9, 1929.

No. 8651.

6

Gardner & Churchill, of Huron, S. D., for appellant.

Cherry, Davenport & Braithwaite, of Sioux Falls, S. D., for appellee.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

STONE, Circuit Judge. This is a motion to dismiss an appeal from a judgment in a law action entered in the District Court for the District of South Dakota. The sole ground of the motion is that the appeal was not taken within the three months required by the statute (USCA, title 28, § 230).

The chronology of the events involved in the issues argued here is as follows: The judgment (including costs) was entered October 20, 1928. October 23, 1928, the parties signed a written stipulation that all proceedings be stayed for 30 days "except the entry of judgment and taxation of costs." November 5, 1928, appellant served notice of "intention to move for a new trial." November 7, 1928, the court made an order in line with and upon the above stipulation. November 22, 1928, another and similar stipulation for 60 days was entered into. November 26, 1928, an order was made upon and in line with such stipulation. January 21, 1929, motion for new trial was filed. The judgment term ended April 1, 1929; April 8, 1929, that motion was denied; May 2, 1929, this appeal was allowed.

From the above it is clear that the appeal was taken within three months after the motion for a new trial was denied but more than three months after the judgment was entered. It is firmly established that a motion for new trial "seasonably filed" and "entertained" by the trial court will toll the time for taking an appeal so that such time instead of beginning with the judgment date will begin from the denial of the motion. Luckenbach S. S. Co. v. United States, 272 U. S. 533, 47 S. Ct. 186, 71 L. Ed. 394; Southern Pac. Co. v. United States, 270 U. S. 103, 46 S. Ct. 242, 70 L. Ed. 489; Morse v. United States, 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518; Chicago G. W. Co. v. Basham, 249 U. S. 164, 39 S. Ct. 213, 63 L. Ed. 534; United States v. Ellicott, 223 U. S. 524, 32 S. Ct. 334, 56 L. Ed. 535; Kingman & Co.

v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192; Vorhees v. Noye Mfg. Co., 151 U. S. 135, 14 S. Ct. 295, 38 L. Ed. 101; Aspen M. & S. Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986; Texas P. R. Co. v. Murphy, 111 U. S. 488, 4 S. Ct. 497, 28 L. Ed. 492; Memphis v. Brown, 94 U. S. 715, 24 L. Ed. 244; Washington, G. & A. R. Co. v. Bradley, 7 Wall. 575, 19 L. Ed. 274; Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251; Payne v. Garth, 285 F. 301, this court.

This motion was "entertained" by the trial court as it heard arguments and ruled thereon. Also, the motion was "seasonably filed" (being within the judgment term) in so far as giving the trial court jurisdiction to consider and to act thereon. The question here is whether it was "seasonably filed" for appeal purposes. This court has recently held that, "To save the right to sue out a writ of error and to extend the time therefor beyond the period of three months, the motion for a new trial must not only be made during the term, but it must be made during the three months next after the entry of the judgment and before the judgment becomes immune to a writ of error." Chicago, M. & St. P. Ry. Co. v. Leverentz (C. C. A.) 19 F.(2d) 915, 916. We see no reason to depart from the rule there announced. Appellant has urged upon us all of the cases first above cited. We have examined them and many others along the same line. We think that none of them rule this case because in no one of them was presented the situation which is here present and controlling. So far as the opinions in those cases reveal, the motion for new trial was filed before the time for appeal had expired. Some of those opinions show this, and where such is not shown there is no mention of any situation like that here present. It is natural that there should be little adjudication upon the matter because, until the amendment of 1925 (43 Stat. 940), the time for appeal or writ of error was six months or more which was ample to cover duration of the judgment term in the trial court—thus the situation present in this case could not arise.

█ Counsel have not cited and we have been unable to find any except the Leverentz Case which has decided or discussed the point now before us. We think the Leverentz Case states the reasonable rule. That rule can do no injustice to the losing party at the trial because it is difficult to imagine an instance where a motion for new trial could not be filed within three months after entry of judgment. In many states, such motions are required, by statute, to be filed within three or four days after judgment entry. The statutes of South Dakota require such filing within 40 days (Rev. Code 1919, § 2557), except for newly discovered evidence. On the other hand, grave injustice may be done the successful party at the trial unless the rule of the Leverentz Case is applied. It is a matter of common judicial knowledge that terms of federal trial courts last for months—it being quite common not to close the term in a division until the day before the next term therein begins. The terms of the different divisions in South Dakota can last approximately six months each (USCA, title 28, § 187). This judgment term began the third Tuesday in October, 1928, and ended April 1, 1929, which was the day before the next term in that division was required, by statute, to begin. If a judgment be entered early in a term lasting five or six months, it is within the absolute power of the losing party below to delay the finality of that judgment by not filing a motion for new trial until the last day of the term. Thus nullifying the purpose of the amendment of 1925 and keeping the successful party from final realization of the litigation. The purpose of the amendment of 1925 was to shorten time for appellate review and thus speed final determination of litigation. The purpose of that amendment can be preserved, the rights of the losing party below be saved and undue delay and, possibly, resultant injustice to the successful party below be avoided by the rule announced in the Leverentz Case. Adhering to the doctrine of that case, we hold that this appeal was too late unless the motion for new trial was filed within three months after the judgment entry. The judgment being entered on October 20, the three months "within" which such a motion could be filed to toll the time for appeal would expire on January 20, 1929. This last date was a Sunday. Appellant contends that the last day coming upon Sunday, that day should be excluded and, thus excluded, the motion was filed in time. Counsel cite statutes of South Dakota (Rev. Code 1919, § 10665, and Session Laws of 1925, c. 193) which declare the rule they rely upon. But those statutes have no application to federal appellate practice which is governed by the acts of Congress. The "conformity statute" (USCA, title 28, § 725) does not control. Johnson v. Meyers, 54 F. 417 (this court); Buessel v. United States, 258 F. 811, 819 (C. C.

A. 2); Siegelschiffer v. Penn. Mut. L. Ins. Co., 248 F. 226, 230 (C. C. A. 2); Meyer v. Hot Springs Imp. Co., 169 F. 628, 629 (C. C. A. 9). Also, counsel cite a rule of the trial court which probably is to the same effect. This is ineffectual. The time limit of the statute is mandatory and jurisdictional. Kiehn v. Dodge County, 19 F.(2d) 503, this court; Vaughan v. Am. Ins. Co., 15 F. (2d) 526 (C. C. A. 5).

█ With the state statutes and the rule of court aside, we find precisely this point (as to exclusion of Sunday) has been determined by this court, adversely to appellant, in Johnson v. Meyers, 54 F. 417. To the same effect are cases in other jurisdictions as follows: Covey v. Williamson, 52 App. D. C. 289, 286 F. 459, 460; Maresca v. United States, 277 F. 727, 733 (C. C. A. 2) cer. denied 257 U. S. 657, 42 S. Ct. 183, 66 L. Ed. 420; Siegelschiffer v. Penn. Mut. L. Ins. Co., 248 F. 226 (C. C. A. 2) cer. denied Ex parte Sigelschiffer, 246 U. S. 654, 38 S. Ct. 578, 62 L. Ed. 926; Meyer v. Hot Springs Imp. Co., 169 F. 628 (C. C. A. 9); Blaffer v. New Orleans W. S. Co., 160 F. 389, 391 (C. C. A. 5).

█ It is urged that the stipulations and orders thereon would affect the situation. Both stipulations and orders expressly excepted from their effect the "entry of judgment and taxation of costs." The judgment, including costs, was entered on October 20, 1928. The statute limiting time to appeal then took hold and no action thereafter of the court or of the parties occurred which suspended the running thereof.

█ It is contended that the "notice of intention to appeal" would be effective. Such character of notice is not known in federal practice. It is the creature of the state statute (Rev. Code S. D. 1919, § 2557) which provides that "the party intending to move for a new trial must within twenty days after the verdict of the jury, * * * serve upon the adverse party a notice of intention, designating the statutory grounds upon which the motion will be made and whether the same will be made upon affidavits, the minutes of the court, or a settled record"—this is followed by conditions relating to the three bases near the close of the above quotation. The statute clearly contemplates that such notice shall not constitute the motion for a new trial, but shall precede and be a prerequisite thereof, and it has been so construed. MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281. The notice here was not a motion for new trial. It follows the theory of the state statute. The opening paragraph is as follows:

"You, and each of you, will please take notice that the defendant above named, intends to move the court that the verdict and judgment herein be vacated and set aside, and that a new trial be granted to the defendant, said motion to be made upon the following statutory grounds."

The concluding paragraph is:

"Said motion will be made upon the settled record herein, said record to be hereafter settled as provided by law, and upon all of the records and files in said action and upon affidavits and showing to be hereafter furnished."

The motion for new trial was subsequently filed. Because such a notice is not known in the federal practice and because this notice was not a motion for new trial nor intended to be such, it has no effect in aiding to toll the time for taking an appeal. Vaughan v. Am. Ins. Co., 15 F.(2d) 526, 527 (C. C. A. 5).

█ It is suggested that counsel for appellees made no objection to the filing of the motion nor to a hearing thereon, but participated in the hearing. This cannot alter matters. First, the time limit of the statute is mandatory and jurisdictional (see citations above), and therefore no acquiescence by parties could affect it. Second, there was no ground for objecting. Appellant had a right during the judgment term to file such motion. Payne v. Garth, 285 F. 301, this court. This right was in no way controlled by the fact that the time for appeal had expired. C. M. & St. P. Ry. Co. v. Leverentz (C. C. A.) 19 F.(2d) 915, 917.

The motion to dismiss the appeal must be and is allowed, and the appeal is ordered dismissed.