## WALTERS et ux. v. BALTIMORE & O. R. CO.
### No. 5624.

Circuit Court of Appeals, Third Circuit.
March 7, 1935.

John Duggan, Jr., and Maurice Nernberg, both of Pittsburgh, Pa., for appellants.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The appellants brought suit in trespass against the appellee for injuries sustained by the wife appellant because of the alleged negligence of a railroad policeman employed by the appellee. The court below entered a compulsory nonsuit. An order denying the appellants' motion to

strike off the compulsory nonsuit was entered on March 17, 1934.

28 USCA § 230 provides: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

It was necessary, therefore, for the appeal to be taken not later than June 17, 1934. That day fell on a Sunday. It appears from the record that this appeal was not taken until Monday, June 18, 1934.

In George v. Victor Talking Machine Co., 293 U. S. 377, 55 S. Ct. 229, 79 L. Ed. ——, the Supreme Court held that this court was without jurisdiction to entertain an appeal which was not taken within the time prescribed by law. It is therefore apparent that, if the appeal in the instant case was not taken within three months after the entry of the refusal to strike off the compulsory nonsuit, we are without jurisdiction to consider the case upon the merits. The fact that the last day fell on a Sunday does not entitle the appellants to enter their appeal one day after the three-month period has expired. It was so held in Northwestern Public Service Co. v. Pfeifer, 36 F.(2d) 5 (C. C. A. 8); Maresca v. United States, 277 F. 727 (C. C. A. 2), certiorari denied 257 U. S. 657, 42 S. Ct. 183, 66 L. Ed. 420; Meyer v. Hot Springs Imp. Co., 169 F. 628 (C. C. A. 9); Blaffer v. New Orleans Water Supply Co., 160 F. 389 (C. C. A. 5); and Johnson v. Meyers, 54 F. 417 (C. C. A. 8). The court being without jurisdiction, the appeal must be dismissed.

Appeal dismissed.