(C. D. 85)

J. Benitez Cintez *v.* United States

United States Customs Court, First Division

(Decided January 30, 1939)

Petitioner not represented by counsel.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the respondent.

Before McClelland, Sullivan, and Brown, Judges

McClelland, Presiding Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing by reason of an advance made by the appraiser at the port of San Juan, Puerto Rico, over the entered value of certain chocolate imported from Santo Domingo.

When the petition was called for hearing counsel for the Government moved that it be dismissed on the ground that it was filed 61 days after the date of liquidation and hence was untimely. Section 489, *supra*, provides that petitions for the remission of additional duties shall be filed "at any time after final appraisement and before the expiration of 60 days after liquidation." Liquidation of the entry involved took place on December 30, 1936, and on the face of the petition there is a notation that it was filed on March 1, 1937. It appears that February 28, 1937, the sixtieth day after liquidation, was a Sunday.

The general rule in such cases, as expressed in *Monroe Cattle Co.* v. *Becker*, 147 U. S. 47, 37 L. Ed. 72, is that—

\* \* \* when an act is to be performed within a certain number of days, and the last day falls on Sunday, the person charged with the performance of the act has the following day to comply with his obligation,

but in *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122, the precise question was raised with regard to the filing of a protest within the statutory time allowed therefor, the last day of such statutory period having fallen on a Sunday, and after consider-

ing many of the Federal authorities thereon, including the *Monroe Cattle Co.* case, *supra*, the court said:

Upon the whole, we do not think that the *Monroe Cattle Co.* case is a controlling authority in support of the contention that the protest here might be filed on Monday even if we were to give no force to the contrary adjudications or administrative practice. The Supreme Court did not have before it any question of the construction of Federal statutes in general or customs laws in particular. It was seeking to give effect to what it declared was the manifest intent of the Texas statute and its attention does not appear to have been called to the long established departmental construction or to the judicial interpretation of the statute now before us, both of which it has often declared are strongly persuasive upon it of the construction to be given to ambiguous statutes.

The foregoing view seems to be supported by the weight of Federal authority, among which may be cited *Siegelschiffer* v. *Penn Mutual Life Ins. Co.*, 248 Fed. 226, wherein Rogers, Circuit Judge, writing the unanimous opinion of the Circuit Court of Appeals, Second Circuit, said:

The theory is that, when the period within which an act is to be done is less than seven days, there is reason to think that juridical days are intended, and that Sunday following within such time should be excluded, but that, where the time limited is such that one or more Sundays must fall within it, the court should not extend the time fixed by excluding the last, the first, or any intermediate Sunday. There are Sundays in every month, and they are as much a part of the month as Saturdays, and there is no more reason for excluding the last Sunday than the intervening Sundays, and if the intervening Sundays were to be excluded we should extend thereby the time limited another month.

and *Larkin Packer Co.* v. *Hinderliter Tool Co.*, 60 F. (2nd) 491, wherein Circuit Judge McDermott, speaking for the Tenth Circuit, said:

\* \* \* the cases rest upon the ground that if Congress has not excepted Sundays and holidays from the time allowed for appeal, the courts cannot.

In view of the authorities cited, we are constrained to grant the motion to dismiss, which we do without great reluctance since the statutory time within which petitions for remission of additional duties may be filed, i. e., at any time after final appraisement and before the expiration of sixty days after liquidation, appears to be ample enough to permit the timely filing of such petitions under all circumstances.