## REGAL MANUFACTURERS SUPPLY CO. v. UNITED STATES

No. 5510.—Invoice dated Montreal, Canada, August 17, 1938.
Entered at New York, September 9, 1940.
Entry No. 5608.

### Third Division, Appellate Term

(Decided November 25, 1941)

*Joseph Halpern* for the appellant.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE and KEEFE, Judges

KEEFE, Judge: This is an application for review of the decision of the trial court in *Regal Manufacturers Supply Co.* v. *United States*, Reap. Dec. 5257, involving the value of certain cotton cloth entered at the port of New York. The trial court dismissed the appeal to reappraisement on the ground that it was not filed within the statutory time.

Section 501 of the Tariff Act of 1930, under authority of which the appeal was filed in the court below, so far as pertinent, is as follows:

\* \* \* The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee. \* \* \*

From the record it appears that notice of appraisement of the merchandise was mailed to the consignee on November 15, 1940. The notice of appeal was filed on December 16, 1940, 31 days after the notice of appraisement was mailed. The trial court held that section 501, *supra*, is clear and unambiguous and must be strictly construed and cited the case of *United States* v. *Charles L. King*, Reap. Dec. 2628.

When the case was argued before this division of the court the attorney for the importer contended that as the 30th day fell on a Sunday, the rule prevailing in the State courts should be followed, viz, that where the last day in which to perform an act falls on a holiday or a Sunday, the next business day is to be included within which to perform that act.

At the conclusion of the argument the court, upon request, granted leave to the importer's attorney to file a brief, but no brief has been filed.

The decisions of this court hold that the court cannot extend the time fixed by the statute within which pleadings must be filed. The case of *J. Benitez Cintez* v. *United States*, 2 Cust. Ct. 49, C. D. 85, involved the question of whether a petition for remission of additional duties, filed under the provisions of section 489 of the Tariff Act of 1930, might be filed on the 61st day after liquidation, the 60th day being a Sunday. The court in its holding cited and followed *Psaki* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122, among other cases.

In view of these decisions we sustain the finding of the single judge that the appeal should be dismissed.

Judgment will be rendered accordingly.