**No. 46788.**—Petition 6224–R of Douredoure Brothers (New York).

Opinion by OLIVER, P. J. It appeared that the drums were purchased in the foreign market as new drums and paid for as such. Entry was originally made at the purchase price but subsequently an amended entry was filed setting forth the price quoted by the foreign shipper for unclean, second-hand drums. This amended entered value was advanced by the appraiser to the invoice and concededly proper value for new drums, whereupon the importer appealed to reappraisement, contending that since the imported drums were used to transport olive oil from the country of exportation they were not, in their imported condition, new drums. This contention was decided adversely to the importer in *Powell* v. *United States* (Reap. Dec. 4685 and Reap. Dec. 4919 and 28 C. C. P. A. 310, C. A. D. 160). The petitioners' witness testified that prior to the arrival of these drums he communicated with the foreign shipper as to the values of the different kinds of drums used for transportation of olive oil, and that this shipment arrived before such information had been received from abroad. Entry was accordingly made at the invoice and purchase price with the request that appraisement be withheld pending receipt of information from the foreign shipper. Upon receipt of this information an amended entry was filed. The witness, it was disclosed by the testimony, stated that his action was prompted solely by his desire to get an expression from the court as to the proper dutiable value of these drums. From an examination of the record the court was satisfied that the entry of the drums at a less value than that found on final appraisement was without any intention to defraud the revenue or to deceive the appraiser as to the true value of the merchandise. The petition was therefore granted.

**No. 46789.**—Petition 6092–R of C. S. Emery & Co. (St. Albans).

Opinion by OLIVER, P. J. When the case was called for trial counsel for respondent moved for dismissal on the ground that the petition was not filed in accordance with section 489, Tariff Act of 1930. It appeared from an examination of the official papers that the petition was filed 61 days after date of liquidation. But the 60th day, it appeared, was a Sunday. However, following *Cintez* v. *United States* (2 Cust. Ct. 49, C. D. 85)' it was held that such fact does not relieve the petitioner from the statutory requirement of filing petition within 60 days after liquidation. In accordance therewith the petition was dismissed.