**In re WRIGHT.**
**WRIGHT v. FIRST JOINT STOCK LAND BANK OF FORT WAYNE et al.**
**No. 6960.**

Circuit Court of Appeals, Seventh Circuit.
Nov. 3, 1939.

Rehearing Denied Dec. 7, 1939.

Samuel E. Cook, of Huntington, Ind., for appellant.

W. J. Vesey, of Fort Wayne, Ind. (John D. Shoaff, of Fort Wayne, Ind., of counsel), for appellee First Joint Stock Land Bank of Fort Wayne.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from an order entered in a Sec. 75 bankruptcy proceeding overruling debtor Wright's exceptions to a master's report ordering a sale of an 82½ acre farm located in Jay County, Indiana.

Debtor executed a mortgage on this farm for $3,000 in 1922. Upon default, foreclosure proceedings were instituted in the Indiana state court in 1933, and in 1934 debtor sought a composition with his creditors in the Federal court, which was unsuccessful. This was followed shortly by proceedings under Sec. 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

The following chronological statement briefly tells the story:

Jan. 30, 1922 Mortgage for $3,000 executed and recorded.
July 28, 1932 No interest paid since this date.
1933 Foreclosure suit begun.
Oct. 30, 1934 Petition in Fed. Ct. filed. Conciliation failed.
Dec. 12, 1934 Petition for adjudication under Sec. 75 (s) filed.
Dec. 19, 1935 Trustee appointed and order of appraisal entered.
Feb. 24, 1936 Trustee made a lease with debtor for 2/5 crop rental.
Feb. 8, 1937 One Jaqua said he bought land on tax sale. Bank says sale is void ($316—1935 taxes and prior taxes).
June, 1937 Petition filed for sale of land because of failure to pay rent under lease and inability to refinance. $500 additional payment of principal ordered and sale denied.
Jan. 15, 1938 Court modified and confirmed special master's report and ordered: (1) dismissal of Land Bank's petition; (2) debtor to remain in possession of 82½ acres under terms of Feb.

24, 1936 lease and in addition to pay $500 ($250, Dec. 1, 1937, $250, June 1, 1938) to. trustee, on principal.

Mar. 30, 1938 Debtor filed petition for rehearing of Jan. 15, 1938 order. Debtor said he paid $1037 rent for 1936 and 1937 which is all he can pay.

May 19, 1938 Petition for rehearing denied.

June 14, 1938 Land Bank filed petition for accounting and to marshal lien and sell the property, alleging debt was $3,-867.81 as of June 11, 1938.

June 16, 1938 Debtor's answer says he paid $1037 rent in 1936, 1937 and says he should not have been made to pay on principal because creditor never asked that it should be so ordered; says there is no evidence to support finding that he ·should pay $500 annually; and that such order is an arbitrary violation of spirit of Sec. 75 and prevents his rehabilitation; says his period of redemption has been extended by congressional act to March 4, 1940; the second paragraph of his answer asks that if the petition of the mortgagee be granted that an order of reappraisal be entered and a value fixed and at the sale the property be ordered sold at such price.

June 23, 1938 Order of reference.

Sept. 9, 1938 Master's report filed finding (1) that unpaid taxes in addition to that of 1935 and prior thereto were $42.92 for 1936 and $21.78 for 1937; (2) that the bankrupt had *willfully* failed to pay the $500 principal payment, so that the land should be sold. The appraised value of the land on Dec. 31, 1935, was $1910.

Sept. 28, 1938 Exceptions to master's report.

Jan. 6, 1939 Master filed a certificate stating the bankrupt introduced no evidence, and that neither party requested that the evidence .be reported.

Jan. 12, 1939 Court made special findings and conclusions and overruled exceptions to findings of special master; found the bankrupt willfully failed to pay the $500· theretofore ordered and ordered trustee to sell the farm.

Feb. 8, 1939 Petition for appeal allowed by District Court.

The appellee stresses the following facts: No interest has been paid on the mortgage since 1933; $994.71 was due as unpaid interest in June, 1938; back taxes amounting to $400 were unpaid; debtor refused to pay the two-fifths of the crop which was agreed upon as rental, until the trustee filed a petition in court to obtain a sale of the land for nonpayment of rent. The master recommended, and the court approved, the recommendation of an annual $500 payment to be made by debtor upon principal; debtor has refused to make such payment.

After the Federal court took jurisdiction in 1934, the court appointed a trustee and ordered an appraisal of the property. The value was fixed at $1910. The trustee made a lease with the debtor for two-fifths crop rental, in 1936. The next year the mortgagee petitioned for a sale of the property because debtor refused to pay the rent fixed in the lease. The application was denied but debtor was ordered to pay the rent and àn additional sum of $500 annually, upon the principal. The report of the special master was confirmed, and the mortgagee's petition for sale was dismissed.

The court's order permitted the debtor to remain in possession under the 1936 lease (2/5 crop rental) but to pay $500 within a year, on the principal.

Upon petition later filed, asking for an accounting and sale of the property, the debtor answered stating that he had paid all he could pay and far more than half the appraised value; that there was no evidence to support the finding that he should pay $500 annually. This issue was referred to a master who found that more taxes (for the years 1936 and 1937) had been left unpaid; that the debtor willfully failed to make the $500 principal payment ordered by the court. A sale of the property was recommended. The master's report showed that debtor introduced no evidence and that neither party requested that the evidence be reported.

The court was authorized to require payments on the principal in addition to the rental. Sec. 75, sub. s(2). The evidence before the master upon which this $500 payment was ordered is not before us. In a memorandum filed by this court in June of this year in this case this court denied appellant leave to file a petition for writ of mandamus against the trial judge to command him to incorporate in transcript condensed statement of evidence presented at the hearings. We predicated that decision on the fact that no appeal had been taken by the debtor from the order directing the $500 annual payment, and that order thereupon became final as far as an appellate review was concerned. In the absence of such evidence and an appeal from the order we must assume that the order was reasonable. In addition, there is evidence (in the chronological statement) which would justify the direction of such a payment. ·

Equally clear is the language of the statute which authorizes a court to appoint a trustee and direct a sale of the property

if the debtor "fails to comply" either with the provisions of the statute or "with any orders of the court." Sec. 75 sub. s(3).

The order is

Affirmed.

### On Petition for Rehearing.

Since the foregoing opinion was announced, the Supreme Court has decided the case of John Hancock Mutual Life Insurance Company v. Bartels, 60 S.Ct. 221, 84 L.Ed. ——, December 4, 1939, wherein it said:

"The subsections of Section 75 which regulate the procedure in relation to the effort of a farmer-debtor to obtain a composition or extension contain no provision for a dismissal because of the absence of a reasonable probability of the financial rehabilitation of the debtor."

We have re-examined our opinion in the light of this decision and are convinced of its soundness. Even though we eliminated several of the reasons which the District Court had for dismissing the proceedings, there remain sufficient grounds expressly recognized by the statute for such dismissal. See the last three paragraphs of the original opinion.

The petition for rehearing is denied.