### In re WRIGHT.

### WRIGHT v. UNION CENTRAL LIFE INS. CO. et al.

### No. 6968.

Circuit Court of Appeals, Seventh Circuit.

Nov. 3, 1939.

Rehearing Denied Dec. 21, 1939.

Samuel E. Cook, of Huntington, Ind., for appellant.

Arthur S. Lytton, of Chicago, Ill., Roscoe D. Wheat, of Portland, Ind., and Virgil D. Parish, of Cincinnati, Ohio, for appellee Union Central Life Ins. Co.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Appellant is the same debtor as in 108 F.2d 359, decided by this court, November 3, 1939.

This appeal involves a different tract of land, covered by a different mortgage. It is the same debtor and the same 200 acre farm which were before this court in Wright v. Union Central Life Ins. Co., 7 Cir., 91 F.2d 894, and before the Supreme Court in 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490. An entirely different question, however, is now presented.

Through the present appeal, debtor seeks to review an order of the District Court directing the sale of the 200 acre farm in question. Briefly, the fact bases of the questions raised appear in the following chronological statement:

### Chronological Statement.

| | | |
|---|---|---|
| 1915 | | Original mortgage was executed by debtor. |
| Oct. | 1, 1925 | Debtor executed renewal mortgage to secure mortgage of $9,000. |
| Oct. | 14, 1931 | Debtor conveyed three of the 40-acre tracts of the 200 acres to relatives. |
| Oct. | 30, 1934 | Foreclosure suit by insurance company in state court v. Mortgagor and grantees. Debtor filed original Sec. 75 proceedings. |
| Dec. | 19, 1934 | Conciliation Commissioner's report of no conciliation. Petition of debtor to be adjudged a bankrupt. |
| Dec. | 21, 1934 | District Court approved Commissioner's report. |
| 1935 | | Debtor filed a petition under Sec. 75. |
| Apr. | 13, 1935 | Quitclaim of 120 acres by grantees to debtor. |
| May | 2, 1935 | Order of adjudication. |
| May | 27, 1935 | Mortgage decree entered—Indebtedness fixed at $11,975. |
| July | 20, 1935 | Land sold at sheriff's sale for $12,174.31 to appellee. |
| Oct. | 30, 1935 | Trustee's lease with debtor for 2/5 crop rental. |
| Jan. | 3, 1936 | Insurance company filed motion to dismiss Sec. 75 proceeding. |
| July | 20, 1936 | Insurance company obtained sheriff's deed which was recorded same day period of redemption expired. |
| Sept. | 6, 1936 | Insurance company's motion to strike all real estate from schedule of debtor and trustee make final report and be discharged as to that specific real estate. |
| Nov. | 6, 1936 | Answer of debtor asking the petition be overruled and to continue proceeding until action on appeal in state court possession proceeding. |
| Dec. | 2, 1936 | Conciliation Com. filed a supplemental report in which he stated that the debtor harvested about 300 bushels of soy beans and that 2/5 could be turned over for rent but debtor declared he would hold them until Frazier Lemke act was declared constitutional. |
| Dec. | 3, 1936 | Conciliation Com. recommended that creditor's petition for striking real estate should be sustained. |
| Dec. | 14, 1936 | Court approved report. |
| Oct. | 26, 1937 | State Supreme Court's judgment upholding creditor's right to possession. |
| May | 31, 1938 | U. S. Supreme Court's decision (304 U. S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490) holding 200 acres properly before bankruptcy court. |
| July | 22, 1938 | Insurance Company filed petition to dismiss proceeding. |
| Sept. | 22, 1938 | District Court overruled debtor's motion to dismiss petition of insurance company. |
| Oct. | 5, 1938 | Debtor filed answer. Debtor filed cross petition for appraisal and to be allowed to redeem at appraised value at extended redemption period of March 4, 1940. |
| Oct. | 13, 1938 | Insurance Company answered cross petition asking for immediate sale under Sec. 75, sub. s (3), alleging its request takes precedence over debtor's request for appraisal. |
| Oct. | 19, 1938 | Debtor's amendment to answer. |
| Jan. | 3, 1939 | Amendment to debtor's answer claims defense of res adjudicata. |
| Jan. | 30, 1939 | Court made findings of fact and conclusions of law, the substance of the latter being that a public sale of 200 acres be had. |
| Feb. | 11, 1939 | Decree of District Court appealed from, ordering a sale of the 200 acres at public sale without any relief to debtor. |
| Mar. | 8, 1939 | Petition for appeal allowed. |

Described narratively, it appears that debtor, in October 1925, executed and delivered to appellee a $9,000 mortgage on his 200 acre farm in Jay County, Indiana, which mortgage was a renewal of one previously given in 1915. In January, 1934, appellee instituted a foreclosure suit in the state court and secured a final decree, May 27, 1935. The property was sold, July 20, 1935, and a sheriff's certificate issued which was followed by a sheriff's deed, July 26, 1936. There was due on the mortgage at the time the foreclosure decree was entered, the sum of $11,975. This debt had increased to $16,000 at the date of the entry of the order in question, to-wit, February 11, 1939.

The substance of the court's findings upon which the order here attacked was based, we give: Debtor has made no offer of composition at any time; debtor refused to turn over to trustee upon his demand, 1936 share of crop rentals, until Sec. 75, sub. s, 11 U.S.C.A. § 203, sub. s, should be declared valid; no crops were turned over to trustee in 1937; indebtedness now amounts to $15,903.68; no part of the principal has been repaid; no taxes have been paid by debtor since 1929; no

interest since 1930; the buildings are in a bad state of repair; the $7,000 allegedly put into the property by the debtor was expended more than 12 or 15 years ago; the taxes and insurance since 1929 have been paid by appellee; the value of the property is $6,000; the debtor, his son, and son-in-law live on and farm the property and none has outside income; the total income of the farm in its best year, 1936, was a little more than $2,000 and in its worst year, 1937, about $200; debtor admits he could not refinance said property at an appraised value in excess of $6,000, and there is no evidence that he could do it at that amount; in 1934 appellee offered $8,000 for the property; except for part of the 1936 crops, debtor has sold the entire crops and retained the proceeds; debtor's income is grossly insufficient to enable him to reduce or liquidate in any substantial degree his outstanding liabilities or pay current interest or taxes; there is no evidence upon which may be based a reasonable hope or expectation of debtor's financial rehabilitation; there is no evidence of compliance by debtor with the requirements of Sec. 75, sub. s and he has failed and refused to obey the order of the court to make payments semi-annually.; mortgagee has made a written request for public sale of the property.

These facts amply supported by competent evidence not only authorized the entry of the order which the court entered, but made such action imperative. Section 75, sub. s(2) (3). Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L. Ed. 736, 112 A.L.R. 1455.

We are satisfied that a court of bankruptcy may, when the facts, as here, warrant it, or if the terms of its order have been deliberately violated by the debtor, or if the provisions of the statute have been violated, direct the sale of the debtor's property within the three years, referred to in Section 75, sub. s(3).

We are also convinced that the Act of March 4, 1938, does not extend the three year period referred to in Section 75, sub. s(2).

Upon proper fact showing it is likewise clear that the court may, upon creditor's petition, direct a judicial sale at which the creditor may bid in the property.

, Upon the sale being made to the said creditor, the debtor's rights are lost in said property, save only that he has ninety days to redeem any property so sold by paying the amount for which said property was sold, together with 5% per annum interest.

The order is

Affirmed.