## In re WRIGHT.

## WRIGHT v. UNION CENTRAL LIFE INS. CO.

### No. 7818.

Circuit Court of Appeals, Seventh Circuit.

Feb. 14, 1942.

Rehearing Denied March 23, 1942.

---

Samuel E. Cook, of Huntington, Ind., for appellant.

Arthur S. Lytton and Olaf A. Olson, both of Chicago, Ill., and Virgil D. Parish, of Cincinnati, Ohio, for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This appeal, in a farmer-debtor proceeding, involves the construction of the Supreme Court opinion and mandate, announced in a former appeal in this same bankruptcy proceeding. Wright v. Union Central Insurance Co., 311 U.S. 273, 61 S. Ct. 196, 85 L.Ed. 184, modifying 7 Cir., 108 F.2d 361.

The instant appeal deals with bankrupt's asserted legal right to redeem his farm, within a reasonable time, *at an earlier appraised price of $6,000,* notwithstanding a later appraisal of $10,832 has been made.

The debtor contends that the $6,000 determination is res adjudicata,* and he has an absolute right to redeem at that price. The creditor argues that under Sec. 75, sub. s(3), 11 U.S.C.A. § 203, sub. s(3), providing for a reappraisement on application of debtor or a creditor, the reappraisement in this case was proper. This statute reads:

"Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments    *    *    *."

Two questions involving appraisement of a debtor's property, under said section, are involved. They are: (1) Upon a proper fact disclosure, may a second (or a third or a fourth) appraisal of a farmer-debtor's property be had under Sec. 75, sub. s(3)? (2) Under the facts in this case, *where the Supreme Court has ruled on appellant's right to redeem,* at said $6,000 appraisal, may there be a reappraisal and a value of $10,832 accepted as the basis of redemption?

The issue presented to the Supreme Court, on the former appeal, and by it settled, was this: A debtor has an absolute right to an appraisal and reasonable time thereafter to redeem, as against a creditor whose claim is secured by a mortgage on debtor's property, notwithstanding the debtor has continuously refused for several years, to comply with the order of the court which directed him to pay mortgagee, part of his crop each year.

The Supreme Court held that debtor's right to purchase at the appraisal price was superior to the mortgagee's right to sell the property upon a showing that debtor refused to pay the taxes or any part of the crops as rental or use of the property by him possessed. The parties are not agreed as to whether the Supreme Court also held that the appraisal price was fixed

---

*We think the law of the case better describes appellant's reliance.

at $6,000 and could not be increased thereafter. This is the question now before us.

The former appeal which resulted in the Supreme Court decision, the interpretation of which provokes the present controversy, arose in this manner:

In 1915, a mortgage of $9,000 was placed on the farm involved in the litigation. Foreclosure of this mortgage was instituted in 1934, and in the same year the debtor filed his petition and secured an adjudication under Sec. 75 of the Bankruptcy Act. After the conciliation commissioner's report had been approved, wherein it was stated there was no possibility of conciliation, debtor was adjudged a bankrupt and, in the same month, the foreclosure decree was entered, the indebtedness being then $11,975.

The same year the land was sold under the foreclosure decree to mortgagee for the amount of its indebtedness. On October 30, 1935, the trustee named by the court below leased the property to the debtor for *two-fifths rental*. Thereafter, for four years, debtor remained in possession of the property, but refused to pay any part of the rent, and also refused to pay any taxes. After a dispute between the State Court and the U. S. District Court over right to possession was decided by the Supreme Court (304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490), in favor of jurisdiction of the bankruptcy court, the real estate came under the undisputed control of the trustee.

The creditor then sought a dismissal of proceedings in said bankruptcy court. Its motion was denied. In 1938, debtor filed petition for appraisal, and to be allowed, within a reasonable time (March, 1940) the right to redeem at the determined appraisal price. This was nearly six years after the date of the sheriff's sale on the state foreclosure decree. Mortgagee, on the other hand, sought leave to sell the premises because of the debtor's refusal to comply with the order of the court directing payment of rent. It relied on Sec. 75, sub. s (3). The District Court directed the sale. Debtor appealed.

This court, on November 3, 1939, approved the District Court's order directing a sale of the premises at public auction, pursuant to prayer of mortgagee, because of refusal of debtor to make any rental payment as ordered by the court. The Supreme Court decided the case, December 9, 1940, and held that the creditor's right

of a sale, because of debtor's failure to comply with the order for the payment of rent (or share of crops) as consideration for his remaining in possession for said five years, was subject to the debtor's paramount right to an appraisal, and the occupancy of the premises for a further time during which debtor was to have the right to redeem at the appraised price.

Debtor has since continued in possession of the property, without paying cash or share of crop as rent, and without paying taxes. He has kept possession of the premises for eight years without payment of rent or taxes and in defiance of the order of the District Court. In so doing, he relies on the approval of the Supreme Court decision, and he now insists that the appraisal heretofore fixed cannot be changed because of said Supreme Court decision.

After the return of the mandate, creditor petitioned the District Court for a reappraisal of the property. Against debtor's protest, testimony was received. An appraisal of $10,832 was made. The amount of creditor's mortgage at that time exceeded $16,000.

The doubt which provokes the present controversy is over the effect of the Supreme Court decree which gave the debtor the right to redeem. Did it also unchangeably fix the price at which redemption might be had? In other words, did the Supreme Court fix the amount at which debtor could redeem, at the sum of $6,000? Or, was he, or the creditor, entitled, upon a proper showing, to a reappraisement?

Determination of these questions naturally divides itself into: (1) May there, under any circumstance, be a reappraisement? (2) If so, is the right to reappraisement in the instant case lost, or barred, by reason of the holding of the Supreme Court?

Our conclusion as to the first query is that neither party is bound by the first appraisement. The court, in the interest of justice, can, and should, make a reappraisement, if the facts warrant it. No express statutory authorization for a reappraisement would be necessary. It is inherent in equity principles. Moreover, we think the statute authorizes reappraisals.

On behalf of a debtor, it is easy to conceive of instances where buildings were burned, or damages from lightning, floods, or other causes have materially lessened the value of the premises. Fairness to the

debtor would require a reduction in the redemption price, that is in a reappraisement.

On the other hand, if the circumstances show an increase in the value of land during the years which the debtor is in possession, fairness to the creditor also requires a reappraisement.

It is likewise easy to conceive of a case in this circuit where, during that three year period, oil might be discovered underlying the surface of the land possessed by the debtor. To permit debtor to remain in possession for three years (in this case eight years) without the payment of taxes or any sum for the use of the premises, would be highly inequitable and unfair to the creditor—unless a reappraisement were had.

A fair construction of the statute would seem to permit of a change in appraisal, if the facts warrant or require it. And this is so regardless of who is helped or hurt by the reappraisement.

■ This brings us to the second question. In this particular case, because of the Supreme Court decision, is a reappraisement impossible? In other words, is the $6,000 appraisal final, due to application of the law of the case, or as appellant argues, because it is res adjudicata?

We turn, therefore, for guidance to the language of the Supreme Court, so far as it applies to the appraisal value of $6,000. The Supreme Court said [311 U.S. 273, 61 S.Ct. 198, 85 L.Ed. 184]:

"The court held a hearing at which evidence was adduced. It found, inter alia, * * * that the value of the property was $6,000. * * *

"We think that the denial of an opportunity for the debtor to redeem at the value fixed by the court before ordering a public sale was error. * * *

"Safeguards were provided to protect the rights of the secured creditors, throughout the proceedings, to the extent of the value of the property. * * * There is no constitutional claim of the creditor to more than that. * * *

"If the debtor did not redeem pursuant to that procedure, he would not get the property at less than its actual value. * * *

"We hold that the debtor's cross petition *should have been granted;* that he was entitled to have the property reappraised or the value fixed at a hearing; that the value having been determined at a hearing in conformity with his request, he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value; and that if he did so redeem, the land should be turned over to him free and clear of encumbrances and his discharge granted. Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale."

We can not believe the Supreme Court, in this opinion, was passing upon the amount of the appraisal. It gave the debtor a chance to redeem, notwithstanding his failure to make rent payments for the use and occupancy of the farm. That is all. It was not considering the amount of the appraisal or the right to a new appraisal. As to the amount, it stated factually that the District Court had heard evidence, and a sum had been stated which was the District Court's finding of the then value of the premises.

The amount (or the court's finding of value) was not in controversy. The value of the farm, or the court's appraisal of the farm, was not in issue. The only issue was the creditor's right to a sale of the farm because of debtor's default in rent, which issue involved, and was dependent upon, the debtor's alleged superior right to redeem at the appraised price. The redemption right—not the price of redemption—was the issue. There was no adjudication upon the value of the farm or the redemption price.

It follows from what has been said that neither party was barred from a new appraisal in this case by the decision of the Supreme Court, or by the statute. The facts in each case must guide the court. Equity alone measures the court's power.

The order of the District Court is affirmed.