## In re PUHLER.

No. 1359.

District Court, D. North Dakota, Northeastern Division.

J. J. Mulready, of Fargo, N. D., for bankrupts.

Cupler, Stambaugh & Tenneson, of Fargo, N. D., for Fidelity Mut. Life Ins. Co.

VOGEL, District Judge.

This case was submitted to the Court upon a certificate of review of the Conciliation Commissioner and a petition for review by the Fidelity Mutual Life Insurance Company, a corporation, a secured

creditor of the debtors herein, from an order denying motions of The Fidelity Mutual Life Insurance Company, as follows:

(1) Motion to strike from the schedules the land belonging to Henry E. Puhler, namely: The Southeast Quarter (S.E.¼) of Section Twenty (20), in Township One Hundred Fifty-four (154), North of Range Sixty-eight (68), West of the Fifth Principal Meridian, in Benson County, North Dakota.

(2) Motion to strike from the schedules the land belonging to the late Anna M. Puhler, namely: Southeast Quarter (S.E.¼) of Southwest Quarter (S.W.¼), North Half (N.½) of Southwest Quarter (S.W.¼), of Section Twenty (20), and the Northeast Quarter (N.E.¼) of the Southeast Quarter (S.E.¼) of Section Nineteen (19), all in Township One Hundred Fifty-four (154), North of Range Sixty-eight (68), West of the Fifth Principal Meridian, in Benson County, North Dakota.

(3) Motion to include in the order fixing the rentals to be paid by the bankrupts one-fourth of the parity payments and a reasonable rental for the use of buildings on the land of the bankrupts securing the indebtedness to the Fidelity Mutual Life Insurance Company.

(4) Motion to set aside the order of the Conciliation Commissioner denying the motion of the creditor, The Fidelity Mutual Life Insurance Corporation, for an additional payment in the amount of $500 upon the principal due and owing to the said creditor.

Evidence taken before the Conciliation Commissioner at the hearing on October 24, 1941, discloses that the debtor Henry E. Puhler was eighty years of age at the time these proceedings were commenced, March 15, 1941; that at that time his wife was an inmate of the State Hospital for the Insane at Jamestown, North Dakota. Prior thereto Henry E. Puhler and Anna M. Puhler, his wife, resided upon and operated the two pieces of land involved in these proceedings. On May 25, 1941, Anna M. Puhler, while confined in the State Hospital at Jamestown, died, and subsequently thereto Henry E. Puhler was appointed administrator of her estate, he prior thereto having appeared in these proceedings as guardian of Anna M. Puhler, an incompetent person. The record does not disclose, nor do I deem it particularly important to a decision herein, how long Anna M.

Puhler was an inmate of the State Hospital. The facts appear to be that Henry E. Puhler and Anna M. Puhler, husband and wife, had been farmers living upon and operating the farm property from which they received their living. On August 28, 1940, prior to the commencement of these proceedings, Henry E. Puhler entered into a five-year lease with one Gordon Lunde, leasing the land involved herein on a share basis, Puhler to furnish the seed, pay one-half the twine and thresh bill, and to receive one-half the crop. At approximately the same time Henry E. Puhler sold to Lunde certain horses and machinery which he had used to operate the farm, and at that time disposed of most of his household goods. He retained the right to occupy a room in the farm house and spent a portion of his time therein. He still owned two cows and two calves, which remained on the farm. Part of the time he spent with his son, W. C. Puhler, at Milton, North Dakota, and part of it on the farm involved herein. He owns a house in Brinsmade from which he derives revenue of $10 monthly. In answer to the Referee's question he testified that his income was derived from the farm and that the farm "was his living," and that he "was on the farm most of the time."

(1) and (2). The petitioning creditor raises objection to the classification of Henry E. Puhler and Anna M. Puhler as farmers within the purview of the Bankruptcy Act. That act provides: "(r) For the purposes of this section and section 22 (b) the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur." 11 U.S.C.A. § 203, sub. r.

█ Let it be admitted for the purpose of this review that the debtor Henry E. Puhler having now arrived at the age of eighty-one years is unable to successfully carry on farming operations on the land with which we are here concerned, and that

because of age or infirmity he leased the land to another: He did so on a share basis, maintaining an interest in the land and furnishing the seed therefor, his income being in direct proportion to the degree of success with which the farm was operated. He lives on the farm a portion of the time, maintains and cares for some livestock thereon. If this man be not a farmer, having farmed all his life, and having made his farm lease under the circumstances described above, then the Court is at a loss as to how he should be classified. The roots of his present livelihood still go down into the very soil which he and his wife owned and operated during their working years. To hold that either one of them was not a farmer within the purview of the Act would in the opinion of the Court do an injustice to Congressional intent and violate the spirit of the Bankruptcy Act.

■ In the creditor's petition for review the authority of an administrator to file a petition in bankruptcy is questioned. This Court has just held in the case of Michael J. Schafer, as administrator of the estate of John L. Schafer, deceased, that "personal representative" as used in the Bankruptcy Act is clearly to be interpreted as an administrator; that the United States has sole jurisdiction over bankruptcy, and that when bankruptcy supervenes the jurisdiction of the State Court ceases. In this case the necessary jurisdictional facts have been alleged and there has been filed with this Court a certified copy of the order of the County Court permitting the administrator to file his petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and in accordance with the requirements of Subsection 9, General Order No. 50 of the United States Supreme Court, 11 U.S.C.A. following section 53.

■ (3) On October 29, 1941, the Conciliation Commissioner and Referee made and entered his order fixing the rentals to be paid by the bankrupts, which order, among other things, provided as follows: "(2) That the bankrupt shall deliver to said Conciliation Commissioner one-fourth of all soil conservation payments they are entitled to under the Soil Conservation program for the United States Government for the years 1941, 1942 and 1943."

The creditor insists that the Conciliation Commissioner erred in failing to include one-fourth of the parity payments as well as the soil conservation payments, and also erred in failing to fix a rental for the use of the buildings on the premises involved.

Without a showing that the Conciliation Commissioner clearly abused his discretion his order will be sustained on review, and no such showing has been made herein.

■■ (4) The petitioning creditor claims that the Conciliation Commissioner erred in entering an order denying the creditor's motion that the bankrupts, in addition to the payment of rental, be required to pay the sum of $500, upon the principal due and owing to the creditor, The Fidelity Mutual Life Insurance Company. It appears from the evidence that there is in the assets of the estate of Anna M. Puhler now remaining some $1,900, so that a payment could be made without undue hardship. The passage of the Bankruptcy Act was not alone for the benefit of bankrupts, but for creditors as well, and their rights should and will be given consideration equal to those of debtors. I am of the opinion that it would be only fair and just under the circumstances herein that the bankrupt should, and he is hereby ordered to pay the sum of $500 in addition to the rental heretofore referred to, said $500 to be applied by the Conciliation Commissioner upon the principal due and owing to the creditor, The Fidelity Mutual Life Insurance Company. See Wright v. First Joint Stock Land Bank of Fort Wayne et al., 7 Cir., 108 F.2d 359.

The order of the Conciliation Commissioner acting as Referee is in all things sustained, excepting only that portion of the order denying the motion of the petitioning creditor for an additional payment of $500 on the principal due and owing; and the bankrupt is hereby directed and ordered to make a payment in the sum of $500 in addition to the rental heretofore referred to, such $500 to be applied on the amount due and owing to The Fidelity Mutual Life Insurance Company.