408

## FARMERS BANK OF LOHMAN, MO., v. THOMPSON.

### No. 12528.

Circuit Court of Appeals, Eighth Circuit.

Dec. 24, 1943.

Sam Bushman, of Jefferson City, Mo., for appellant.

Sam W. James, Jr., of Jefferson City, Mo., for appellee.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment of the District Court sustaining a petition to review an order of a Conciliation Commissioner and remanding the cause in a proceeding under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. See In re Thompson, D.C., 48 F.Supp. 557.

Both secured and unsecured claims were filed and allowed against the debtor and his estate. The debtor retained possession of his property during the three-year stay period and deposited in court each year pursuant to an order of the Commission-er $665 rental, aggregating $1,995. After payment of taxes and upkeep of the mortgaged property, there remained a balance of rentals in the amount of $1,597.58 undistributed.

At the end of the three-year period the debtor pursuant to an order of the Conciliation Commissioner, although objecting, paid into court the full amount of the reappraised value of his mortgaged property in the sum of $7,296.67, and the Commissioner entered an order turning over to him the mortgaged property free and clear of all encumbrances. The Commissioner ordered the distribution of the $7,-296.67 to the secured creditors, and they requested the confirmance of the order.

The Conciliation Commissioner then entered an order that the balance of rentals deposited by the debtor in the sum of $1,-597.58, less administrative expenses, be distributed to the unsecured creditors. The debtor alone objected to this order, and upon review the court held that the net rentals after payment of taxes, upkeep and costs of administration should have been applied on the principal of the secured debts, thus reducing by an equal amount the $7,296.67 which the debtor was required to pay into court to redeem his mortgaged property. The court accordingly entered judgment remanding the case to the Commissioner and in effect directing him to refund the net rentals to the debtor. The Farmers Bank of Lohman, an unsecured creditor, appeals from this judgment.

The judgment appealed from in this case was entered on December 4, 1942. Thereafter, on March 4, 1943, this court decided the case of Wilson v. Dewey, 8 Cir., 133 F.2d 962, involving the identical issue presented on this appeal. This court there held that no part of the rental payments made by a farmer-debtor after an adjudication in bankruptcy during the three-year period is deductible as "payments on principal" from the reappraised value of the mortgaged property which the debtor is required to pay under the Act to redeem from the mortgage. That decision is controlling in this case, and requires a reversal of the judgment appealed from.

The judgment is, therefore, reversed, and the case remanded with instructions to enter judgment and to proceed in accordance with this opinion.