In re SCHMIDT.
No. 3324.

District Court, D. Nebraska,
Lincoln Division.
March 3, 1944.

Charles F. Barth and Erwin A. Jones, both of Seward, Neb., for debtor.

Norval Brothers, of Seward, Neb., and Peterson & Devoe, of Lincoln, Neb., for Dora Banzhof, secured creditor.

DELEHANT, District Judge.

After the completion of all jurisdictionally prerequisite steps, an order was made in this case on February 10, 1941 by one of the judges of the court granting to the debtor her statutory stay of proceedings "for a period of three years from this date", i.e., from February 10, 1941. On February 10, 1944 the debtor, being in admitted good standing under her rental orders, as a tender of redemption of her real estate, which is the north half of the northwest quarter (N½NW¼) and the northwest quarter of the northeast quarter (NW¼NE¼) of section twenty-four (24), township eleven (11) north, range three (3) east of the sixth principal meridian in Seward County, Nebraska, deposited in the registry of the court the sum of $8,400, the value of the land fixed in the initial and only appraisal thereof made on January 18, 1941. When the deposit was made there was also in the registry the sum of $1,444.-84 arising out of previously deposited and undistributed rentals. Therefore, on February 10, 1944, the court on its own motion entered an order allowing all interested parties until February 21, 1944 within which to show cause in writing why an order should not be made (a) directing distribution of the rentals in accordance with Title 11 U.S.C.A. § 203 sub.s(2), (b), confirming and approving the tendered redemption, (c) directing distribution of the money deposited by way of tendered redemption, and (d) granting such general relief as, in the circumstances, should be appropriate; and setting hearing before the court on February 23, 1944. After due notice, and within the time allowed, the secured creditor served and filed a written request for reappraisal and a written objection, pending reappraisal, to the allowance and confirmation of the tendered redemption. On the day of hearing the debtor filed objections to reappraisal on the ground that the secured creditor's request for it was untimely.

With respect to the distribution of rentals, no issue was tendered by any pleadings. Therefore, an order will be made directing that the rental money be disbursed forthwith, first in payment of all presently unpaid real estate taxes, inclusive of those for 1943, and secondly, the residue to the secured creditor in application upon her claim. Counsel for the secured creditor will promptly prepare and submit to the court an order for such distribution in which the exact figures for distribution shall be specified, and they will attach to it as supporting data a written tax statement indicating the correct amount of the taxes to be paid and signed by, or in behalf of, the county treasurer of Seward County, Nebraska.

The court notes in a brief filed by counsel for the debtor a suggestion that distribution of the rentals be deferred, if reappraisal is ordered, until after it has been completed, and that so reserved the rentals be returned to the debtor if she shall redeem at the reappraised value. Such retention, the claim for which is implicit in some language of the pleading with which the debtor made her deposit of $8,-400, is not in harmony with the thought of the applicable legislation which contemplates the seasonable distribution of rental payments. Moreover, if the debtor's thought underlying her suggestion in the brief be well taken in its ultimate objective it may be raised on actual redemption. And dealing with its essential lack of merit, see Wilson v. Dewey, 8 Cir., 133 F.2d 962; Farmers Bank of Lohman, Mo., v. Thompson, 8 Cir., 139 F.2d 408; Reichert v. Federal Land Bank of St. Paul, 8 Cir., 139 F.2d 627, 630; In re Rider, D.C. Iowa, 40 F. Supp. 882. The contention seems to have been authoritatively determined in this circuit.

Upon the question of the approval and confirmation of the tendered redemption in the face of the secured creditor's request for reappraisal, two questions arise on which brief comment will be made; first, was the redemption tendered during the existence of the three-year stay period; and, secondly, is the secured creditor entitled to the allowance of her request for reappraisal in the circumstances of its filing.

Upon the first of these questions, the court holds that the stay persisted and was in effect through February 10, 1944. And this conclusion rests upon the rule that in computing a stated period of time from

a designated date, the designated date shall be excluded, and the last day of the prescribed period included. Thus, it was asserted in 1864 by Mr. Justice Field, that: "The general current of modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and to include the last day of the specified period." (Emphasis in the text.) Sheets v. Selden's Lessee, 69 U.S. 177, 190, 2 Wall. 177, 190, 17 L.Ed. 822. See also Best v. Polk, 85 U.S. 112, 119, 18 Wall. 112, 119, 21 L.Ed. 805; Siegelschiffer v. Penn Mutual Life Insurance Co., 2 Cir., 248 F. 226, 228, mandamus denied Ex parte Sigelschiffer, 246 U.S. 654, 38 S.Ct. 578, 62 L.Ed. 926; New York Life Ins. Co. v. Bullock, 5 Cir., 26 F.2d 666. A like conclusion has been reached in this circuit, "As the decree sought to be reviewed here was entered May 27, 1892, the last day within the six months after its entry was November 27, 1892." Johnson v. Meyers, 8 Cir., 54 F. 417. The rule suggested prevails generally in federal practice, Moore's Federal Practice Volume I, page 402; and accords with the general rule upon the subject, 62 C.J. 989 Title, Time, paragraph 36(2); 26 R.C. L. 740 Title, Time, paragraph 14.

To the extent only that the Federal Rules of Civil Procedure have by the Supreme Court been made operative in bankruptcy proceedings (see Federal Rules of Civil Procedure, rule 81(a), 28 U.S.C.A. following section 723c; General Order No. 37, 11 U.S.C.A. following section 53; Benitez v. Anciani, 1 Cir., 127 F.2d 121), it may be noted that the rule of construction suggested is in harmony with the thought of Rule 6(a), F.R.C.P.

■ And while, since the construction of a statute of the United States is the matter involved, the domestic law of Nebraska is not controlling, observation may be made that Nebraska, both by statute and by decision, follows the course approved here. C.S.Neb.1929, Section 20-2222; Wilson & Co. v. Otoe County, 140 Neb. 518, 300 N. W. 415.

Considering that the tender of redemption was validly made within the duration of the stay, it is unnecessary to inquire or determine what would have been its posture if it had been submitted on or after the day following the expiration of the stay.

■ Proceeding to a brief consideration of the secured creditor's right to reappraisal, the court may observe, without needless repetition, that in Re Whitwer, D.C.Neb., 44 F.Supp. 466, the writer of this memorandum expressed the opinion that the general right to reappraisal on demand is vested in the secured creditor, and set forth the reasons which prompted him to that conclusion. It would be purposeless to repeat that discussion. To the same effect see: In re Wright, 7 Cir., 126 F.2d 92; In re Kolbe, D.C.Ohio, 43 F.Supp. 803; In re Ulrich, D.C.N.D., 49 F.Supp. 372; In re Breuer, D.C.N.D., 52 F.Supp. 982. In fact, the court is unaware of any recorded judicial opinion to the contrary in the course of the construction of Title 11 U.S.C.A. § 203, sub. s(3). Nor has any been cited in the presentation of the case.

■ The court is satisfied that in the instant situation the secured creditor's right to reappraisal is not impaired by the fact that she did not file her request for it until a few days after the expiration of the three-year stay period. Until the expiration of that period, the filing of such a request would have been to no purpose. A reappraisal serves only as a modified redemption base. During 1094 days of the stay period no gesture was made by the debtor in the direction of redemption. No reason existed during that period for a request for reappraisal. That the debtor sought, without previous intimation of her purpose, to redeem on the 1095th and last day of the term can not defeat the statutory right of the secured creditor to reappraisal. She can not be asked to keep an unseemly vigil in the clerk's office until its door closes at the end of the final day of the debtor's period of indulgence, against the possibility that the debtor may be doing likewise with contrary purpose. Here she made her request promptly on the direction to her attention of the debtor's course.

The sequence of dates now involved is quite comparable to the situation in Re Kolbe, D.C.Ohio, 43 F.Supp. 803, 805, in which, allowing reappraisal, Judge Kloeb said pertinently: "It would be a useless act to request a reappraisal before the debtor indicated an intention to redeem the property, and the court would not, in fact, order it."

There is nothing in the language of the portion of Title 11 U.S.C.A. § 203, sub.s(3), providing for the filing by a creditor of a

request for reappraisal which conditions the allowance of the request upon its filing before the final day of the statutory, and judicially granted, stay period.

A persuasive circumstance in favor of reappraisal in the present case, though not, as the court believes, a condition necessarily to be established to obtain it, is the fact, of which the court takes judicial notice and which the parties do not deny, that between the initial appraisal date and the present time lands in the vicinity of the property involved have experienced a substantial appreciation in value. The denial to the secured creditor of such benefit as may accrue to her from that appreciation would be a palpable injustice.

Reappraisal is, therefore, being granted; and in the face of it, the tendered redemption is being denied approval or confirmation, without prejudice to the right of the debtor, after reappraisal, to redeem at the reappraised value, within such period of time as the court shall prescribe for that purpose.

But a practical problem demands consideration. The 1944 crop planting season is imminent. The procedure for formal appraisal under the direction of a conciliation commissioner, with reference and possible objections and exceptions, involves delay which the court and the parties equally desire to avoid. Judicial hearing and determination of value would seem to be much the more expeditious course to pursue. So, in its order, and within the discretion allowed by the statute, the court is setting a date for hearing in open court, at which the parties may introduce evidence of value and after which the court will fix the value of the property in accordance with the evidence submitted, and prescribe a time within which the debtor may redeem upon the basis of such value.

One further matter of detail may be mentioned. In her brief the debtor suggests that, if reappraisal be ordered, she should be allowed to withdraw the deposit in the registry of $8,400 made by her as a tender of redemption. Since no pleading asks for such withdrawal, no order granting it will presently be made. But if the debtor, in the absence of a purpose to appeal from the ruling just announced, and to keep her tender good, shall file a request for such an order, it will be made as a matter of course.