## FEDERAL FARM MORTGAGE CORPORA-TION v. PAULSEN.

### No. 10886.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1945.

Richard W. Young, M. G. Hoffmann, and Percy A. Smith, all of Berkeley, Cal., for appellant.

Withers & Edwards, of Reno, Nev., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant is the holder of a first mortgage on appellee's farm. As the result of proceedings under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, appellee was adjudicated a bankrupt pursuant to subsection s, the so-called Frazier-Lemke Act. The farm was thereafter appraised at $3,000; and on March 25, 1940, the court entered an order approving the appraisal, setting aside exemptions, granting a stay and continuing the debtor in possession for the three-year period, subject to his payment of an annual rental of $550.

The debtor paid the required annual rent but failed within the three-year period to redeem the property by paying the appraised value. On April 2, 1943, appellant filed with the referee a petition and motion asking for the appointment of a trustee and the liquidation of its security. On April 27, 1943, after notice to interested parties, a hearing thereon was had. The referee, by formal written decision dated December 22, 1943, found that the stay had expired on March 25, 1943, that the debtor had failed to pay into court the appraised value of the property and had not sought reappraisal within the three-year period. A trustee was at that time appointed and the

estate ordered liquidated in response to appellant's petition.

Meanwhile, on September 23, 1943, appellee filed a petition for reappraisal. In March 1944 the referee made an order granting his petition, and appellant sought a review of the order. In his certification of the matter for review the referee certified to the judge two questions, namely: (1) If a bankrupt fails to pay the appraised value into court and fails to request a reappraisal within three years and a secured creditor requests the appointment of a trustee under the provisions of the last sentence of § 75, sub. s (3), can the bankrupt thereafter secure a reappraisal with the right to redeem under the first proviso under § 75, sub. s(3)? (2) Whether under the circumstances of this case, as set forth by correspondence attached to the debtor's petition for reappraisal, the Federal Farm Mortgage Corporation is estopped to deny that the bankrupt is entitled to a reappraisal?

On review of the order the judge considered the questions certified, answered the first in the affirmative and the second in the negative. This appeal followed. While no formal order was entered adopting or affirming the referee's order for a reappraisal, it is abundantly clear that the court's decision was intended as an affirmance. For the purposes of the appeal we so treat it.

■ Section 75, sub. s, provides a scheme whereby the farmer-debtor is given a specified period of time within which to rehabilitate himself, during which period, or at the end thereof, he may pay into court the amount for which his encumbered property has been appraised and thereupon receive title thereto, free and clear of encumbrances. During the period either the debtor or a creditor, on request, is entitled as of right to a reappraisal, or in lieu thereof to have the court fix the value of the property upon the taking of evidence. Cf. Wright v. Union Central Ins. Co., 311 U.S. 273, 61 S. Ct. 196, 85 L.Ed. 184.

The key to the question here would seem to be found in the opening sentences of subdivision (2) of the subsection, namely: "When the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property, for a period of three years. During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, provided he pays a reasonable rental semiannually for that part of the property of which he retains possession." Other provisions relevant to the inquiry are those found in subdivision (3).[1]

■ While the time may be shortened, no power is conferred on the court to stay proceedings against the debtor for a period in excess of three years, nor is any period of grace prescribed. If, at the end of three years, the debtor has not paid into court the appraised value of the property, and if neither he nor any of his creditors has demanded a reappraisal, the stay ceases to

[1] "(3) At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments made on the principal, for distribution to all secured and unsecured creditors, as their interests may appear, and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days to redeem any property sold at such sale, by paying the amount for which any such property was sold, together with 5 per centum per annum interest, into court, and he may apply for his discharge, as provided for by this title. If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title." 11 U.S.C.A. § 203, sub. s (3).

be operative and the right to redeem at the appraised figure terminates. The debtor then occupies the status of an ordinary bankrupt. The secured creditor may have a trustee appointed and is entitled to an order for the sale of his security at public auction. The debtor may redeem within ninety days by paying the amount for which the property was sold, and he is entitled to his discharge as in other cases. To hold otherwise would amount to a rewriting of the statute.[2]

The court found that appellant had not estopped itself from questioning the right to a reappraisal, and we see nothing in the correspondence between the parties to warrant a contrary view. Appellee appears to think that his regular payment of the required rental and the fact that he cared well for the property entitled him to the relief given. However, in paying rental he did no more than he was obliged to do while he remained in possession, and the statute gives no bonus in the way of added time for his treatment of the security.

Reversed.

[2] The comments of the authors and proponents of the measure, while it was pending before Congress (74th Congress, 1st Session), indicate that three years was the maximum time intended to be given the debtor to effect redemption.

See remarks of Senator Borah, Representative Lloyd, Representative Andresen, and Representative Lemke, Vol. 79, Part 13, Cong. Rec., pp. 13632, 13831, 14331, 14332.