## HAUN v. SECOND ALLIANCE TRUST CO., Limited.

### No. 11128.

Circuit Court of Appeals, Ninth Circuit. May 27, 1946.

Rehearing Denied Aug. 28, 1946.

Jennie Haun, in pro. per., for appellant.

Pasco B. Carter, of Boise, Idaho, for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an order granting a reappraisal in a proceeding under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

Appellant, herein sometimes called the debtor, contracted to purchase a tract of farm land from appellee for $5,000. In 1940 appellee brought an action to foreclose the contract because of defaults of the debtor. Thereupon the latter had recourse to proceedings under § 75, and was adjudicated a bankrupt pursuant to subdivision s of the section. The farm in question was thereafter appraised at $1,800, and on August 30, 1941, an order was made by the court continuing the debtor in possession, fixing the amount of the annual rental and staying all proceedings for a period of three years.

On August 31, 1944, one day after the termination of the three-year period, the debtor paid into court the amount for which the property had been appraised. On the same day, without notice to appellee, the referee made an order turning over title and possession to the debtor, free and clear of encumbrances. Promptly upon learning of these occurrences appellee sought a review of the order of August 31, and on September 14, 1944, filed with the referee a petition for reappraisal of the property. The referee denied the petition pending a ruling of the judge on appellee's application for a review of the order of August 31st. On proceedings for review of the referee's action the judge set aside the order denying appellee's petition for reappraisal and referred the matter back to the referee with directions to cause a reappraisal to be made. This appeal followed.[1]

The only question of substance presented is whether the court had authority to order a reappraisal at the request of the secured creditor after the three-year stay had expired and after the debtor had paid into court the amount of the original appraisal. Several district courts, in cases involving like factual situations, have answered the question in the affirmative. Consult particularly In re Kolbe, D.C.Ohio, 43 F. Supp. 803, and In re Schmidt, D.C.Neb., 54 F.Supp. 262. It was thought by these courts that unless and until the debtor gives some intimation of his intention to redeem the property it would be an idle act on the part of the creditor to request a reappraisal, and that in fact the request would not be granted in those circumstances. The property, it was pointed out, would be sold at public auction if redemption was not made, in which event there would be no occasion for a reappraisal, cf. concluding portion of § 75, sub. s (3).

We turn to the provisions of the controlling statute, § 75, sub. s (3), which, so far as pertinent, provides: "At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments made on the principal, for distribution to all secured and unsecured creditors, as their interests may appear, and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: * * *."

It will be noted that the proviso relating to reappraisals does not in terms require that the request be made within the period of the stay. In the case of the debtor, however, he must necessarily ask a reappraisal within the period if he desires to

---

[1] Appellee does not claim that the right to redeem was lost by being exercised too late, and in any event the point was waived by obtaining the order for a reappraisal.

redeem and is dissatisfied with the existing valuation placed upon the property. This compulsion grows out of the circumstance that his right to redeem is lost if not exercised within the time provided, unless at the termination of the period reappraisal proceedings are pending. Federal Farm Mortgage Corp. v. Paulsen, 9 Cir., 149 F.2d 897. But the creditor is not under similar compulsion. His role is passive. Like the debtor, his right to a reappraisal is absolute, but, unlike the debtor, he is not placed by the statute under the necessity of demanding the right within a fixed period of time. If he acts promptly after the debtor indicates his purpose to redeem, we think the court is not only empowered but is probably required to cause a reappraisal to be made at the creditor's request. This would seem to be a rational interpretation of the statute, and is in line with the interpretation given it by the courts which have considered the problem.

After the reappraisal is had the debtor is given the right, by the express terms of the section, to pay into court the value so placed upon the property, and to receive title to the same free and clear of encumbrances. The necessary implication of the statutory language is that this may be done within such reasonable time after the reappraisal as the court may fix.

Affirmed.